## SALLEE *v.* BANK OF CORNING.

### Opinion delivered March 6, 1916.

1. IMPROVEMENT DISTRICTS—CUSTODY OF FUNDS—RIGHT OF TREASURER TO SUE.—The duly elected treasurer of a drainage district organized by Special Act No. 197, Acts of 1911, page 544, is made by the act, the custodian of the funds of the district, and he has a right to maintain an action against any person or corporation improperly withholding the money of the district from him.

2. APPEAL AND ERROR—DEMURRER—TEST.—In determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference reasonably deducible therefrom must be considered.

3. IMPROVEMENT DISTRICTS—FUNDS—ACTION OF TREASURER.—In an action by the treasurer of a drainage district for the recovery of funds belonging to the district, the complaint *held* to allege that appellees were in possession of the same and were withholding the funds from the treasurer, and that a demurrer thereto should be overruled.

4. SERVICE OF SUMMONS—SEVERAL DEFENDANTS—RESIDENTS.—The treasurer of a drainage district may bring an action against three defendants in the county of the residence of two of them, and service upon the third in the county of the latter's residence will be valid.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant sued appellee to recover the sum of $26,-775.81 with the accrued interest, the amount alleged to be due him as treasurer of Running Lake Drainage District, by appellees.

Appellant, in his complaint, alleged: That J. O. Sallee is treasurer of Running Lake Drainage District in Randolph County, Arkansas; that he succeeded Ferd Spinnenweber as treasurer of said district; that said district was duly organized under act number 197 of the acts of the General Assembly of the State of Arkansas, approved April 20th, 1911; that Ferd Spinnenweber was on the 13th day of May, 1913, elected treasurer of said district, and that the United States Fidelity & Guaranty Company for a valuable consideration became surety upon a bond which said Spinnenweber executed to the president of said Drainage District as such treasurer; that said bond was conditioned for the safe keeping and faithful accounting of all the funds of the district that came in the hands of said Spinnenweber as treasurer. A copy of the bond is made exhibit A to the complaint.

The plaintiff further alleges that the term of office of said Spinnenweber as treasurer expired on the 7th day of June, 1915, and that on said date, J. O. Sallee was duly elected and qualified as treasurer of said district; that he filed his bond as required by law and became

entitled to the possession of all the funds belonging to said district; that the sum of $26,775.81 was in the hands of Spinnenweber as such treasurer; that said funds at a prior date had been deposited in the Bank of Corning, a corporation doing business in Clay County, Arkansas; that said Spinnenweber executed and delivered to said Sallee a check upon the Bank of Corning for said sum of $26,775.81; that said check was duly presented to the Bank of Corning and payment thereof was refused by said bank; that said Bank of Corning is wrongfully withholding said sum of money to which Sallee is entitled as treasurer of said Drainage District; that demand was made upon said Bank of Corning and said Spinnenweber for the payment of said money on June 7th, 1915, but that same was then and at all times since then, has been refused.

Appellees, Ferd Spinnenweber and United States Fidelity & Guaranty Company demurred to the complaint on the following grounds:

1.  That said complaint shows on its face that Sallee had no authority to maintain the action.

2.  That said complaint does not state a cause of action against them.

3.  That the bond sued on and made a part of plaintiff's complaint is made to the president of the Drainage District and Sallee had no authority or right to bring an action thereon; that the check described in the complaint and made an exhibit thereto, shows on its face that it is not properly executed in that it is not signed by the president and board of directors as required by sections 17 and 22 of the act creating the Drainage District.

The demurrer was sustained by the court and appellant, electing to stand on his complaint and refusing to plead further, his cause of action was by the court dismissed at his cost.

Thereupon appellee Bank of Corning filed its motion to quash the service of summons on it for the reason that it is a corporation organized under the laws of the State

of Arkansas and engaged in the banking business in Clay County and that summons was served on its president in Clay County. The motion was by the court sustained and service of summons on said bank was by the court quashed.

From the judgment rendered appellant has duly prosecuted an appeal to this court.

*Campbell, Pope & Spikes,* for appellant.

1. The appellant as treasurer of the District had the right to demand the amount and bring suit. Act No. 197, Acts 1911; Kirby's Digest § 5999, 6002; 39 Ark. 172; 30 *Id.* 69; 145 Ind. 496; 42 N. E. 753.

2. The court erred in quashing the service of summons upon the Bank of Corning. But service on both the other defendants gave the court jurisdiction. Kirby's Digest, § 6072.

*C. H. Henderson* and *G. B. Oliver,* for appellees.

1. The treasurer could not maintain this suit. Act 197, Acts 1911, § § 2, 4, 41; 85 Ark. 223.

2. The demurrer was properly sustained. The bond was executed to the president of the district. Only the president or the district could sue. 39 Ark. 172 and 30 *Id.* 69 are not applicable to this case. In those cases *they were public officers,* while here Sallee was not a public officer; furthermore the act contemplates that all suits shall be brought in the name of the district.

HART, J. (after stating the facts). We think the treasurer of the district was the real party in interest and had authority to sue for the money belonging to the district. In the case of *Haynes* v. *Butler,* 30 Ark. 69, the court held: That the county treasurer has capacity to sue or collect on his official bond for a failure to pay over money to him at a delinquent tax sale in excess of tax penalty and costs. The court said, that, as a general rule, all public officers, though not expressly authorized by statute, have a capacity to sue, commensurate with their public trusts and duties. In *Hunnicutt* v. *Kirkpatrick, Treasurer,* 39 Ark. 172, the court held, that either the State, the obligee

in the bond as trustee of an express trust, or the county treasurer, may maintain an action on his predecessor's bond for the amount of school funds found, upon settlement with the county court, to be due from him.

Running Lake Drainage District was created by Special Act of the Legislature of 1911. See Special Acts of 1911, page 544. Section 4 of the act provides for the officers to be elected biennially. One of the officers is a treasurer. Section 11, makes it the duty of the treasurer to collect assessments for the district. Section 17 also provides that the treasurer shall collect the annual taxes and assessments upon the property within the district. It also provides that he shall give a bond with approved security payable to the president, conditioned upon his honest and faithful accounting for funds. It further provides that he shall be the financial agent of the Drainage District and shall give a receipt for the funds due the district and pay out the same only upon the warrant of the secretary endorsed by the president. It also provides that he shall take charge of the funds arising from the sale of the bonds issued by the district. Section 22 also provides that the money arising from the sale of bonds shall be paid into the treasury of the Levee and Drainage Board. Section 24 also provides that moneys borrowed or arising from the sale of bonds shall be paid into the treasury of the Levee and Drainage Board.

(1)    Thus it will be seen that the treasurer is made the custodian of the funds of the district. Among his duties is, that of disbursing the moneys of the district to the proper persons. It is true money could only be paid out by him on the warrant of the secretary countersigned by the president, but he alone, had authority to pay out money for the district or handle any funds belonging to the district. He was entitled to the possession of the money of the district that he might properly perform his duties as treasurer, and in order that he might properly disburse it as provided for in the act creating the district. Therefore he had a right to maintain an action against any person or corporation improperly

withholding the money from him in order that he might execute his trust.

It is true, as contended by counsel for appellees that the bond was made payable to the president of the board and under the authorities referred to, the president of the board, as obligee of the bond, might have brought an action on it against the treasurer when improperly withholding the funds from his successor in office, but in case of recovery the court should have ordered the money deposited in the treasury of the district as provided for by the act.

The president of the board did not have any authority to handle the funds of the district. As we have already seen, the treasurer alone was entitled to the funds, and as the real party in interest, had the right to maintain this action.

Again it is contended by counsel for appellees that the check was the foundation of the action and for that reason controlled the allegations of the complaint and that the check was not signed by Spinnenweber as treasurer of the district; nor made to Sallee as treasurer; that it follows that Sallee as treasurer could not maintain an action on the check against the Bank of Corning or against Spinnenweber, because the check had never been assigned to him as treasurer.

In answer to this contention we need only say that the foundation of the suit is not the check given by Spinnenweber to Sallee. The complaint alleges that Sallee was duly elected treasurer of the district and qualified as such and was entitled to the funds of the district; that Spinnenweber had in his possession certain funds belonging to the district when his term of office expired, and refused to turn over the funds on hand to his successor in office. His refusal to pay over the funds of the district to his successor in office was the basis of the action. His giving the check only amounted to an admission that the amount named in the check was the amount of funds in his hands belonging to the district.

It is also contended by counsel for appellee that the judgment should be upheld because there is no allegation in the complaint that Spinnenweber as treasurer deposited the funds in the Bank of ·Corning and no allegation that the funds were not still on deposit in the Bank of Corning to the credit of the Drainage District.

(2)   In determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference reasonably deducible therefrom must be considered. *Gus Blass Dry Goods Co.* v. *Reinman,* 102 Ark. 287; *McLaughlin* v. *The City of Hope,* 107 Ark. 442, and cases cited; *Arkansas Life Ins. Co.* v. *American National Ins. Co.,* 110 Ark. 130.

(3)   Tested by this rule, we think the complaint alleges that Spinnenweber deposited the funds of the district in the Bank of Corning and that the funds are now in the bank and are wrongfully withheld by it from the custody of the present treasurer.

The complaint alleges in express terms, that prior to the time the present treasurer was elected and qualified, that Spinnenweber deposited the funds in the Bank of Corning; that demand was made on the bank and payment thereof was refused.

Again the complaint alleges that the Bank of Corning is wrongfully withholding said sum of money belonging to said district to which the plaintiff is entitled as its treasurer. Again the plaintiff alleges that demand was made upon the Bank of Corning and Spinnenweber for the payment to plaintiff of said money on June 7, 1915, but that same was then, and at all times since then has been refused. Therefore we think the allegations of the complaint were sufficient to entitle the plaintiff to maintain the action, and that the court erred in sustaining the demurrer thereto.

(4)   The court also quashed the service of summons upon the Bank of Corning. The suit was commenced in Randolph County and service of summons against Spinnenweber and the United States Fidelity & Guaranty Co., was had in that county. The Bank of Corning

had its place of business in Clay County and service of summons was had upon its president in that county. This was sufficient.

Under section 6072 of Kirby's Digest, an action like the present one may be brought in any county in which one of several defendants resides or is summoned. If the suit had been against the Bank of Corning alone, it should have been brought in Clay County where the bank was situated and did business. See section 6067 of Kirby's Digest. However, as we have already seen, the suit was brought against the Bank of Corning and other defendants and service was had upon the other defendants in Randolph County. They were proper parties to the suit and judgment against the Bank of Corning could be upheld under section 6072 of Kirby's Digest. See *Beal-Doyle Dry Goods Co.* v. *Odd Fellows Building Co.,* 109 Ark. 77.

From the views we have expressed it follows that the court erred in sustaining the demurrer to the complaint and for that error the judgment must be reversed and the cause will be remanded for further proceedings according to law.