## OKLAHOMA STATE BANK OF ADA v. REED et al.

No. 15340—Opinion Filed April 20, 1926.

Rehearing Denied June 29, 1926.

(Syllabus.)

### 1. Bills and Notes—Venue of Action on Note.

If a cause of action exists on a promissory

note against R., the maker thereof, it must be reduced to judgment in a court of jurisdiction in the county of his residence, or in some county where he may be properly served with summons.

**2. Process—When Summons Issuable to Another County.**

A summons can be issued to another county only where the action is rightly brought in a court of a county other than the one to which summons is directed.

**3. Same — Alias Summons Unauthorized When Nonresident Defendant Already Served and in County to Consult Attorney.**

When a summons sufficient in form is directed to a foreign county, is duly served by the sheriff thereof on the defendant named, being one of the defendants in the action, there is no authority for the clerk to issue an alias summons for the purpose of serving such defendant in the county where the suit is filed when such defendant is in such county consulting his attorneys as to the pending suit.

**4. Venue—Action on Note—Dismissal as to Resident Defendant—Plea to Jurisdiction by Nonresident Defendant.**

Where R., a resident of Grady county, is sued in Pontotoc county on a personal note, and in said suit W., a resident of Pontotoc county, is sued on another note, to which R. is not a party as maker, guarantor, or endorser, and after his plea to the jurisdiction is overruled, the cause coming on for trial, it is dismissed as to W., the resident defendant, it is not error at the close of the evidence for the court to sustain the plea to the jurisdiction, when renewed.

Error from District Court, Pontotoc County: W. L. Eagleton, Assigned Judge.

Action by the Oklahoma State Bank of Ada against W. J. Reed and another. Motion to dismiss action sustained, and plaintiff brings error. Affirmed.

McKeown & Green, for plaintiff in error.

Robert Wimbish and W. C. Duncan, for defendant in error W. J. Reed.

BRANSON, V. C. J. Error is presented herein from the court of Pontotoc county. the parties appear in the relative positions they appeared in the lower court; that is to say, the Oklahoma State Bank of Ada was the plaintiff below, and is the plaintiff in error here, and W. J. Reed and H. West were defendants below, and are defendants in error here. They are referred to herein as plaintiff and defendants. The plaintiff sued apparently upon two notes. Its petition recites that the defendant W. J. Reed executed his note (it will be referred to herein as the "R" note) to said bank. Sometime thereafter, plaintiff demanded collateral on the said R note. Complying therewith, W. J. Reed presented a note signed by the defendant H. West, and made payable to the wife of the defendant W. J. Reed, and indorsed in her name, and delivered to the plaintiff bank as collateral to the said R note. It must be noted that the defendant W. J. Reed was neither payee nor indorser of the said collateral note. The petition recites that the said R note was past due, and the said collateral note was past due, and prayed judgment on the said R note, and in event collection was not made on the judgment rendered on the R note, that plaintiff have execution against the defendant West on the judgment obtained on the collateral note to the amount found due on the said R note, and apply it in full satisfaction thereof.

The defendant W. J. Reed was a nonresident of Pontotoc county, and a resident of Grady county. The defendant H. West was a resident of Pontotoc county. Summons was issued to the sheriff of Pontotoc county, and served upon the defendant H. West. Service in due form of law was issued to the sheriff of Grady county, and return made to Pontotoc county. Taking notice of the summons made upon him in Grady county, the defendant W. J. Reed went to Pontotoc county, and to the city of Ada to consult his attorney preparatory to defending said suit. While in Pontotoc county, a summons designated as "alias summons" was issued in this cause to the sheriff of Pontotoc county, and served upon the defendant Reed while in said county on said mission. After filing a plea to the jurisdiction of the court, the defendant Reed answered. The defendant West made default on the allegations of the petition, as against him. Notwithstanding the defendant West was in default, when the case was regularly reached for trial, plaintiff moved to dismiss as to the defendant West. When the evidence was submitted to the court, the defendant Reed moved the court to dismiss the action for want of jurisdiction of him. The trial court sustained this motion and dismissed plaintiff's action against the defendant Reed, for want of jurisdiction. The contention made here is that this action was error.

Numerous assignments are made, but we shall not refer to them, except as the matters stated are in effect incorporated therein, and on the correctness of the judgment of the court controlling. It is insisted by the plaintiff that, since there is no cross-petition in error by the defendant Reed, this court cannot inquire into the correctness of

the action of the trial court on the first plea filed by the defendant Reed to its jurisdiction. While it is true that when the plea to the jurisdiction was first interposed (before Judge Barrett, special judge), it was overruled. We know of no rule that would prevent the trial court before final judgment, when such motion in effect is renewed, from recognizing its action and sustaining it, and if the result of sustaining it works a dismissal of plaintiff's case, it raises it as it does herein on its petition in error. We think the action of the trial court in sustaining this motion was correct. ·

There was no authority of law for bringing the defendant Reed into the district court of Pontotoc county, when he was a resident of Grady county, in a suit on a promissory note, where no other defendant named in the action was either a maker or an indorser or a guarantor on the same. This by reason of section 234, C. O. S. 1921:

"Where an action is rightly brought in any county, a summons shall be issued in any other county against any one or more of the defendants at plaintiff's request."

The defendant Reed was liable solely on the note which he had executed to the bank. He was in no wise liable on the collateral note which the defendant West had executed to his wife and indorsed in her name, and deposited as collateral to the note of the defendant Reed. The plea to the jurisdiction in the first place should have been sustained. But in order to try to keep in court and to support the assignment of error made here, the plaintiff invokes the "alias summons" which he had served upon Reed, as above set out, while Reed was in Pontotoc county consulting his attorneys preparatory to this action. They say this summons was sufficient to keep Reed in court. Was it? It was issued by the clerk and not by order of the court. The issuance of such alias summons is governed by statute. Section 237, C. O. S. 1921, provides:

"When a writ is returned 'not summoned,' other writs may be issued until the defendant or defendants shall be summoned; and when defendants reside in different counties, writs may be issued to such counties at the same time."

It would appear that counsel for the plaintiff were sufficiently farsighted to anticipate that summons issued to Reed in Grady county on a cause of action seeking recovery against him alone, but mixed with a cause of action seeking recovery against the defendant H. West (a resident of Pontotoc county), would at least induce the defendant Reed to come into Pontotoc county, where another summons might be had upon him, and thus lend jurisdiction to the Pontotoc district court, which it would not otherwise have. We cannot lend our sanction to such an attempted invasion of the rights of the litigant to have a personal cause of action which is pleaded against him, and him alone, prosecuted in the county of his residence. We shall not extend the power of the clerk to issue an alias summons when the original summons is in all respects in proper form and duly issued as per the praecipe and duly served by the officer to whom directed. We think the rule succinctly announced in 32 Cyc. 446, governs:

"The court has inherent power to award such further process, but the clerk has no such authority to issue it, without an order from the court, in the absence of statute. In order that an alias summons may be issued under statutory authority, it must be shown that the conditions imposed by the statute exist."

Under section 237, C. O. S. 1921, the condition imposed for an alias summons is that the original summons shall be returned "not summoned." That was not true in this case, for the original summons issued to the sheriff of Grady county was in due form, was duly served upon the defendant Reed, and he was in court, if at all, by reason of such summons. When it was made to appear to the trial court that the pretended cause of action against the defendant West was dismissed, Reed stood before the court as the defendant of an action based upon a personal claim, and a nonresident of Pontotoc county. He renewed his plea to the jurisdiction of the court, which was by the court sustained.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. p. 820 §1080 (Anno); 40 Cyc. p. 102. (2) 32 Cyc. p. 427. (3) 32 Cyc. p. 445. (4) 8 C. J. p. 819 §1080; 40 Cyc. p. 101.