**WILKINSON et al. v. WHITWORTH.**

No. 22946. Oct. 16, 1934.

S. A. Wilkinson and Norvell & Norvell, for plaintiffs in error.

Wells & Nichols, for defendant in error.

PER CURIAM. LaMar Whitwortn, plaintiff, sued J. Reed Moore, a resident of Seminole county, and Mrs. Laura M. Wilkinson, a resident of Oklahoma county, in the district court of Seminole county,. on a verbal contract dated February 4, 1930, to pay plaintiff $500, if he and his wife would manage a boys' camp. They did, and the defendants refused to pay. In a second count plaintiff alleged that his automobile was used in the work of the camp, and that this use was reasonably worth $500.

Moore was served with summons in Seminole county; Mrs. Wilkinson was served in Oklahoma county.

Mrs. Wilkinson first filed a verified motion to quash the service on her, alleging she was not a resident of Seminole county, and that, in fact, there was no joint liability on her part with Moore for the claims of the plaintiff. She said she had never entered into any joint contract with Moore, and attached (as was proper under Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. (2d) 1, a copy of a written contract entered into on February 4, 1930, between her and the plaintiff, under which the plaintiff purchased from her a one-half interest in the camp, and agreed that he would pay one-half of the expenses and share the profits. Under this contract plaintiff was to receive $500 for managing the camp, this sum to be charged to operating expense. The defendant Moore indorsed on the contract a guaranty that Whitworth would pay the purchase price, $2,500, and also his share of the expense of putting the camp in order, not exceeding $1,000.

The motion to quash was overruled, and this action of the court is assigned as error. After the motion was overruled, Mrs. Wilkinson demurred, answered, and went to trial. In her answer she again urged her objection to the service on her, because of the fact that she was a resident of Oklahoma county and had been served with summons there.

The facts set up by Mrs. Wilkinson in her motion to quash, if true, prevented the court from having jurisdiction over her; and, as they were not controverted, they are taken as true. But to the order of the court overruling the motion no formal exception was saved.

Authorities may doubtless be found holding that the failure of a party to note formally his exception to the action of the court at the time the action is taken is a waiver of error on the part of the court. Indeed, some courts guard the record as the Gileadites guarded the passage of Jordan. Judges xii, 5, 6. The stranger who said Sibboleth for Shibboleth was slain. But such formalism is foreign to this jurisdiction.

The purpose of an exception to the action of the court is not ritualistic; it is real. McDonald v. Strawn, 78 Okla. 271, 190 P. 558. An exception should direct the court's attention to its error, and should specify the grounds on which it is made. But, as this court has held in Gourley v. Williams, 46 Okla. 629, 149 P. 229, it is not necessary to except to the order of the court if it appears from the record that the objecting parties do not give assent. In this case the objection was made before plea, and the grounds clearly stated. It is renewed in the answer, which is a part of the record. It is renewed again in the motion for a new trial, which is brought up in the case-made. And it is alleged in the first assignment of error in the petition on appeal in this court.

The only reason for an exception after the court has acted is to show that the objecting party has not waived the error and has not consented to the action of the court. When it appears sufficiently in the petition in error, and also either in the record or from the case-made, that the objecting party did not acquiesce in the action of the court, to which he had in proper time and manner objected, then the error of the trial court, if any, will be reviewed on appeal here. Southern Pine Lumber Co. v. Ward et al., 16 Okla. 131, 85 P. 459; affirmed 208 U. S. 126, 52 L. Ed. 420.

This case was tried very informally, there being some 200 pages of testimony, most of which was devoted to the question

of whether or not the written contract introduced in evidence was in fact a purchase by Whitworth, the plaintiff, from Mrs. Wilkinson, the codefendant, of a one-half interest in the camp; or whether Whitworth, the plaintiff, signed as the secret agent of J. Reed Moore.

If it be held that Moore was the real purchaser, that fact is not proof of a joint agreement by Mrs. Wilkinson and Moore to pay plaintiff $500 for his services and for the reasonable use of his automobile; and proof of a joint agreement by Moore and Mrs. Wilkinson was necessary to bring Mrs. Wilkinson into the case, since she was served in Oklahoma county.

There is no showing that J. Reed Moore ever agreed to do more than guarantee the purchase price to be paid by Whitworth, and $1,000 for repairs.

In Fisher v. Fiske, 96 Okla. 36, 219 P. 683, this court holds:

"In order to give the court jurisdiction over joint defendants who are nonresidents of the county where the suit is brought, and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants on whom valid service is had, as well as against the nonresident defendants."

The proof failing to show any liability on the part of J. Reed Moore, the case must fail as to him; and therefore it must fail as to Mrs. Wilkinson, the nonresident codefendant.

The judgment of the trial court is reversed, with directions to enter judgment for defendant J. Reed Moore for his costs, and to dismiss the case, at plaintiff's costs, against Mrs. Laura M. Wilkinson for want of jurisdiction over her person.

The Supreme Court acknowledges the aid of Attorneys Philip Kates, J. A. McCollum, and W. Lee Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kates and approved by Mr. McCollum and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.