**STATE ex rel. MURRAY, Gov. v. MORT-GAGE SECURITY CORP. et al.**

No. 23463.  Jan. 14, 1936.

Amil H. Japp and Charles West, for plaintiff in error.

Fred L. Hoyt and Rainey, Flynn, Green & Anderson, for defendants in error.

GIBSON, J. Plaintiff in error, the state of Oklahoma, will be referred to herein as plaintiff, and the defendants in error, Union Trust Company of Maryland, Fred L. Hoyt, Russell L. Patterson, and Grayling Realty Corporation will be referred to as defendants.

Plaintiff commenced this action in the district court of Comanche county against Mortgage Security Corporation of America. not a party to this appeal, to recover the sum of $600 alleged due the plaintiff as license fees under the provisions of section 3749, O. S. 1931, and for the further sum of $52,200, as penalties and forfeitures under the provisions of said section.

According to the allegations of the petition, the Mortgage Security Corporation, a foreign corporation, entered this state in 1925 and commenced loaning money on real property without having filed a copy of its charter or articles with the Secretary of State and appointing a resident agent, as provided in sections 9738 and 130, O. S. 1931, and obtaining a license, as provided in section 3749, supra.

It is charged that said corporation willfully violated the laws of Oklahoma in its failure to comply with said statutes, and did so for the purpose of avoiding payment of taxes and license fees, and to avoid liability for usurious rates of interest exacted from its borrowers.

The present defendants, as officers, agents, or employees of said corporation, are joined in this action as parties to the alleged scheme to violate and evade the laws of the

state. The Mortgage Security Corporation is the principal defendant, and, according to plaintiff's contention, is subject to the jurisdiction of the district court of Comanche county for certain alleged statutory reasons. None of the present defendants was a resident of Comanche county and none was served with summons in that county. Each has entered special appearance and filed motions to quash service of summons. From the order of the trial court sustaining said motions, the plaintiff has appealed.

The principal grounds relied upon by defendants in support of their motions were: (1) The court had no jurisdiction over these defendants because no cause of action is stated against the principal defendant. (2) There is no joint cause of action stated against them and the principal defendant. The trial court sustained the motions on the second named ground.

Plaintiff contends that the defendants, by objecting to the sufficiency of the petition, invoked the jurisdiction of the court and thereby entered their general appearances. In support of this proposition, plaintiff relies upon a number of decisions of this court, and particularly upon the rule stated in Webster v. Crump, 117 Okla. 244, 246 P. 423. The cited cases are not controlling here, for the defendants, in addition to objecting to the regularity of the process itself, have entered their special pleas to the jurisdiction of the court over the persons of the defendants and the subject-matter of the action and question the propriety of the issuance of summons in the first instance, thereby questioning not alone the regularity of the summons itself, but the very act of issuance.

In actions of this character the venue is fixed by statute as follows:

Section 117, O. S. 1931: "Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned.***"

Section 167, O. S. 1931 "Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

As we have said, these defendants neither resided in nor were they served in Comanche county. In such case, in order to warrant issuance of summons to nonresident defendants, it is essential that the action be rightly brought and that the petition state a joint cause of action against the principal, or resident, defendant and the nonresident defendants.

Plaintiff contends that the petition alleges a conspiracy on the part of all defendants to permit the Mortgage Security Corporation to violate the usury laws of the state. We cannot agree with this contention. Even if the state is authorized to maintain an action of that character, which question we do not decide, the allegations of the petition are insufficient to support the same. The action is one to declare a forfeiture and to recover license fees allegedly due from a foreign corporation in payment of its license to transact business in Oklahoma, and is based entirely upon section 3749, supra. Obviously, such action can be maintained against no one other than the corporation. Officers or agents of a corporation are not liable personally to third persons for mere failure of the corporation to perform some duty it may have owed them. Statutes imposing a penalty are limited in their operation to such persons as fairly come within their provisions and are not extended by implication. 25 C. J. 1193, 1194.

The action, then, was not a joint action against the principal defendant and the other defendants. The defendants in the present appeal had no interest in the case. In Grady v. Rice, 98 Okla. 166, 224 P. 321, we said:

"* * * When there are two or more defendants liable on the same cause of action, and the suit is brought in the proper county against one of the defendants, the other defendants may be brought in by summons, although they reside or are served in different counties. But it never was intended that a plaintiff could arbitrarily join a party as a defendant who is in no way interested or liable upon the cause of action set up in the petition. * * *"

In that case the defendant appeared specially and moved the court to quash the summons, assigning grounds almost identical with the grounds urged in the present case. The trial court overruled the motion and the case proceeded to trial. The question was saved on appeal and this court approved the defendant's procedure and recognized his right to appear specially and object to the jurisdiction over his person on the theory that no joint cause of action was stated in the petition.

That decision is authority and is applicable in the present case, for, if the issuance of summons to the nonresident defendant is warranted, the petition must allege facts

sufficient to constitute a cause of action, not only against the resident defendant, but also against the nonresident defendant. In the instant case the Mortgage Security Corporation occupies the position of the resident defendant and we do not here decide that the petition does or does not contain sufficient averments to constitute a cause of action against said corporation. In Grady v Rice, supra, the court said further:

"* * * When the plaintiff joins as defendants a resident of the county in which the suit is brought with a nonresident of the county, he must plead and prove a state of facts which would warrant the court in rendering a judgment against the defendants. * * *"

In the instant case, the petition wholly failed to disclose a cause of action against these appealing defendants.

The motions in the present case specifically call the court's attention to the fact of the nonresidence of the defendants; the question of venue was placed squarely before the trial court. In Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. (2d) 1, a defendant similarly situated appeared specially and moved the court to quash summons on the ground "that the same was not issued, served, and returned according to law, and is insufficient to confer jurisdiction on this court." The motion was there held insufficient to present the question of the court's jurisdiction over the person of defendant. In that case we said:

"Had the question of venue in this transitory action been timely made, the defendant would have been entitled, as a matter of right, or as a matter of privilege, to have had said cause dismissed in said county. The motion to quash was directed solely to the summons, not to the petition, and did not raise the question of jurisdiction over the defendant, by reason of abuse of legal process issuing from one county to another, or on account of venue."

Here the question of venue was timely and properly raised, and there being no joint cause of action stated against these defendants, the summons must fail, and defendants were entitled to dismissal of the cause as to them. The trial court did not err in quashing the summons and dismissing the action. Wilkinson v. Whitworth, 169 Okla. 286, 36 P. (2d) 932.

The judgment is affirmed.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.