## FIRST STATE BANK OF TUSKAHOMA et al. v. J. B. KLEIN IRON & FOUNDRY CO.

No. 25565.    April 27, 1937.

F. L. Welch and Dan Welch, for plaintiffs in error.

Shirk, Danner & Earnheart, G. A. Paul, and Michael S. Ward, for defendant in error.

PER CURIAM. This was an action instituted in the district court of Oklahoma county by the defendant in error, J. B. Klein Iron & Foundry Company, as plaintiff, against W. E. Haynes and E. L. Box, a copartnership doing business under the firm name and style of Haynes & Box, Detroit Fidelity & Surety Company, a foreign insurance corporation, First State Bank of Tuskahoma, Okla., and Clayton State Bank of Clayton, Okla., state banking corporations, and Wharton Mathies, as defendants. The plaintiff was a domestic corporation domiciled in Oklahoma county. All of the defendants, except the Detroit Fidelity & Surety Company, were residents of and domiciled in Pushmataha county.

The petition of the plaintiff alleged, in substance, that the partnership of Haynes & Box had entered into a contract with the state of Oklahoma whereby they had obligated themselves to furnish certain material and do certain work in the construction of four bridges in Latimer county, and for which they were to receive the sum of $33,048.93; that the Detroit Fidelity & Surety Company had executed a statutory bond to the state of Oklahoma in the penal sum of $33,048.93, which bond was given for the protection and benefit of all persons furnishing material or performing work or labor in connection with the construction of said bridges; that the plaintiff had entered into a written contract with the partnership of Haynes & Box, and thereunder had furnished said partnership with material and supplies which were used in the construction of said bridges and which material and supplies were of the value of $13,421.75, all of which had been paid except the sum of $1,533.36. The plaintiff further alleged that before entering into said contract with the partnership of Haynes & Box, it had been informed that all estimates on said jobs had been or would be assigned to the First State Bank of Tuskahoma, and that said bank would pay the plaintiff out of said estimates the amount due it for any and all materials furnished by it to the partnership of Haynes & Box. Plaintiff further alleged that it required confirmation of such procedure from the First State Bank of Tuskahoma and received a letter on the stationery of said bank signed by the defendant Wharton Mathies, who was cashier of said bank, and wherein the bank promised to pay the plaintiff's claims out of the estimates received by it. Plaintiff further alleged that the Clayton State Bank had taken over the assets of the First State Bank of Tus-

kahoma, and that the said banks had been merged in some manner, and that the Clayton State Bank had assumed all liability of the First State Bank of Tuskahoma, and further alleged that the First State Bank of Tuskahoma had collected all of the estimates due the partnership, Haynes & Box, but had failed to pay over to the plaintiff the entire amount which it was entitled to receive for the materials and supplies which it had furnished and sold to the partnership of Haynes & Box. Wherefore, the plaintiff prayed judgment against said defendants jointly and severally for the amount due on its account with the partnership of Haynes & Box with interest thereon.

The defendant Detroit Fidelity & Surety Company was served with summons in Oklahoma county and filed an answer, consisting of a general denial, and a cross-petition wherein it prayed that the First State Bank of Tuskahoma and Clayton State Bank and Wharton Mathies be required to render a full accounting of all moneys received by them from the state of Oklahoma for Haynes & Box, and that plaintiff be given judgment against such parties for any balance due on their account with Haynes & Box, and that in the event any judgment should be rendered against said defendant, it have a judgment over against the First State Bank of Tuskahoma and Clayton State Bank and Wharton Mathies for said sum.

Summonses upon the petition of the plaintiff and the cross-petition of defendant Detroit Fidelity & Surety Company were issued to and served by the sheriff of Pushmataha county upon the other said defendants in said county. The defendants First State Bank of Tuskahoma and Clayton State Bank appeared specially and challenged the jurisdiction of the district court of Oklahoma county over their persons for the reason that the petition of the plaintiff disclosed that there was no joint liability between said defendants and their codefendant, the Detroit Fidelity & Surety Company, and no joint cause of action against the defendants existing in favor of the plaintiff. The motions to quash of the respective defendants were overruled and exceptions thereto duly saved. Thereupon the defendant banks filed separate answers wherein they denied generally and specifically the allegations of the plaintiff's petition and of the Detroit Fidelity & Surety Company's cross-petition and refrained from asking any affirmative relief. The

cause was tried to the court without the intervention of a jury. Judgment was rendered for the plaintiff against the partnership of Haynes & Box for the sum of $1,208.98, with interest thereon at the rate of 6 per cent. from October 27, 1932, and against the defendant Detroit Fidelity & Surety Company, a corporation, First State Bank of Tuskahoma, Okla., and Clayton State Bank of Clayton, Okla., for the sum of $1,109.98, together with interest thereon at 6 per cent. from October 27, 1932. Motions for new trial were duly filed and overruled. The First State Bank of Tuskahoma, Okla., and Clayton State Bank of Clayton, Okla., alone appeal. The plaintiffs in error assign six specifications of error, which are presented under two propositions. The first of these is that the trial court erred in overruling their special appearance and motions to quash. We think that this contention is well taken. As said in State ex rel. Murray, Gov., v. Mortgage Securities Corp., 175 Okla. 503, 53 P. (2d) 560:

"Where summons is issued from one county to another under the provisions of section 117, O. S. 1931, and the petition in the case fails to state a joint cause of action against the resident and nonresident defendants, the summons so issued to another county may be quashed at the instance of the nonresident defendant upon special appearance and proper motion."

See, also, Wilkinson v. Whitworth, 169 Okla. 286, 36 P. (2d) 932; Fisher v. Fiske, 96 Okla. 36, 219 P. 683. Had the petition of the plaintiff stated a joint cause of action against the defendants, then summons could have rightfully issued for the other defendants in Pushmataha county. See LaFayette v. Bass, 122 Okla. 182, 252 P. 1101. However, this is not the situation. The liability of the defendant Detroit Fidelity & Surety Company to the plaintiff arose out of and by reason of the bond which it had executed on behalf of the partnership of Haynes & Box and was independent, separate, and distinct from any liability, duty, or obligation existing in favor of the plaintiff from the defendants First State Bank of Tuskahoma and Clayton State Bank. These defendants were not parties to the bond which had been executed by their codefendant Detroit Fidelity & Surety Company, and were in no manner liable thereon. There being no joint cause of action alleged against the principal defendant Detroit Fidelity & Surety Company and the other defendants, and particularly the defendants First State

44

Bank of Tuskahoma and Clayton State Bank, the special appearance and motions to quash the summons served upon them should have been sustained. Ordinarily defendant is entitled to present his defense in the county of his residence. This is a valuable right, and he should not be deprived of it unless the law expressly so declares. There is no hardship in requiring plaintiff to institute an action against a defendant in the county of his residence, and he must do so unless expressly authorized by law to the contrary. Section 117, O. S. 1931. As pointed out in Kansas, Okla. & Gulf Ry. Co. v. Martin, 175 Okla. 73, 51 P. (2d) 577:

"A defendant cannot be brought into court except as the law directs, and when he is illegally summoned therein, may appear specially and challenge the jurisdiction of the court, and if the challenge is overruled, save an exception thereto and defend the action, avoiding any request for affirmative relief, and have the error corrected by this court."

Since there was no joint cause of action alleged in the petition against the resident and nonresident defendants, the p'aintiffs in error were illegally summoned into the district court of Oklahoma county, and should have been dismissed from such jurisdiction upon their timely application. This was not done, and therefore the cause will have to be reversed, with directions to sustain the motions to quash and to dismiss the action as to such defendants. In view of the conclusions which we have reached, we deem it unnecessary to discuss the other questions raised by the plaintiffs in error. The cause is hereby reversed and remanded, with directions to the trial court to sustain the motions to quash of the plaintiffs in error and to dismiss the action against them for want of jurisdiction.

Reversed and remanded, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, and GIBSON, JJ., concur. RILEY, CORN, and HURST, JJ., dissent. PHELPS, J., disqualified.