## Crume v. Taylor.

(Decided March 15, 1938.)

586

ANDREW W. NICHOLS for appellant.

VICTOR L. KELLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Nelson circuit court. The appellant, who was the plaintiff below, sued a resident of Nelson county and a resident of Jefferson county jointly. He alleged by his petition as amended that he was injured on September 14, 1935, while a passenger in the automobile of one H. D. Stiles, as the result of a collision, in Jefferson county, with an automobile owned and driven by appellee, Thomas B. Taylor. Appellee Taylor is a resident of Jefferson county, while Stiles is alleged to be a resident of Nelson county. Appellee pleaded to the jurisdiction of the Nelson circuit court, setting out that he was a resident of Jefferson county and served with process in Jefferson county. The court sustained the plea to the jurisdiction and dismissed the petition against Taylor, and this appeal followed.

Sections 62 to 82 of the Civil Code of Practice relate to the venue of actions, and are to be construed together. Compare Ocean Accident & Guarantee Corporation v. Milford Bank, 236 Ky. 457, 33 S. W. (2d) 312; Gainesboro Tel. Company v. Buckner, 160 Ky. 604, 169 S. W. 1000. Sections 62 through 73 relate to fixing the venue of various specific types of action not here pertinent. Section 74, so far as relevant to this controversy, provides:

"Every other action for an injury to the person or property of the plaintiff, * * * against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done."

It is suggested in the note to section 74 in Bullitt's Code that it was adopted because plaintiffs in such cases often awaited opportunities to sue in localities believed to be favorable to themselves. Wood v. Downing's Adm'r, 110 Ky. 656, 62 S. W. 487, 23 Ky. Law Rep. 62. Whatever the reason, it can hardly be doubted that the effect of the provision was to localize the venue of actions for injury to the person or property of the plaintiff to either the county in which the defendant resides, or to that in which the injury is done. The singular includes the plural, Civil Code of Practice, sec. 732, and the fact that the plaintiff has here sought to join two defendants does not, we conceive, alter the application of section 74. Indeed, it is conceded by appellant that section 74 is applicable, but he contends that its provisions are nullified, in so far as the present case is concerned, by section 78, providing:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

It will be observed that section 78 expressly excepts from its operation actions "required by the foregoing sections of this article to be brought in some other county." Plainly, the case at bar is controlled by section 74 and is therefore expressly excepted from the operation of section 78. The very provision localizing actions under section 74 thus excludes the application of section 78.

Appellant seeks to draw an analogy between this case and the decision of this court in Louisville Home Telephone Company v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19, under the provisions of section 73, relating to common carriers. It will be noted, however, that section 73 expressly covered the situation presented in the Beeler Case in the same manner as though plaintiff had here brought his action in

the county in which the injury was done rather than in the county of the residence of one of the defendants different from the county of the injury. It expressly fixed the venue where there were several defendants in the same manner that it was fixed against only one defendant. The analogy therefore does not exist. Under section 74 the plaintiff could sue both defendants in the county where the injury occurred. If he chose to sue in the county of residence of but one of the two defendants, then both reason and justice, to say nothing of the provision of the Code, dictate that the nonresident should have at least the option of saying whether or not he would submit to a suit in that jurisdiction. Appellee has carefully preserved his rights, and the provisions of the Code are clear.

Judgment affirmed.