The CITY OF McALESTER, Oklahoma, a municipal corporation, Plaintiff,

v.

The Honorable William L. FOGG, Judge of the District Court of the Seventh Judicial District, Oklahoma, Defendant.

No. 37428.

Supreme Court of Oklahoma.

Dec. 18, 1956.

Dissenting Opinion June 25, 1957.

Rehearing Denied June 25, 1957.

Arnote, Arnote & Bratton, McAlester, for plaintiff.

Brown, Darrough & Darrough, Oklahoma City, for defendant.

DAVISON, Justice.

This is an original proceeding in this court wherein the plaintiff, City of McAlester, Oklahoma, a municipal corporation seeks to prohibit the defendant, William L. Fogg, Judge of the District Court of Oklahoma County, from proceeding further in an action brought in said court by R. A. Lester, as plaintiff, against the defendants, Oklahoma Transportation Company, a corporation, City of McAlester, a municipal corporation and Ben J. Kerr, because the venue of said action did not lie in said county.

The primary action in the District Court of Oklahoma County, was brought for the recovery of damages for personal injuries suffered by said R. A. Lester in Pittsburg County, Oklahoma, wherein the City of McAlester is situated. The defendants were the Oklahoma Transportation Company, a corporation, owner of a motor bus transportation system, Ben J. Kerr, the bus driver, and the City of McAlester, a municipal corporation, on whose streets the accident occurred. The bus company's lines ran through Oklahoma County and its principal offices were located in said county and it was there, properly, served with summons. The individual defendant was not served. The municipality was served in Pittsburg County, the county of its situs. The petition alleged that the defendants were jointly liable. The plaintiff herein filed a motion in the primary action attacking the jurisdiction of the Oklahoma County District Court on the ground that, since the cause of action arose in Pittsburg County, the county wherein said city was situated and had all its offices and wherein all its principal offices resided, the venue of said action was in Pittsburg County. When the motion was overruled, the present case was filed.

The sole question we are called upon to determine is the venue of the action for damages. In this state, venue of actions is fixed by statute, 12 O.S.1951 § 131 et seq. It is, therefore of prime importance that we take note of those provisions.

Section 131 fixes the venue of actions, the subject matter of which is real estate.

Section 132 fixes the venue of actions, the subject matter of which is real estate lying in two or more counties.

Section 133 fixes the venue of actions, the subject matter of which either is a statutory fine, forfeiture or penalty or is an official act of omission or commission of a public officer or is on the official bond of a public officer.

Section 134 provides:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

Section 135 provides:

"Actions may be commenced against any transportation or transmission company in the county where any person resides upon whom service of summons is authorized to be made, irrespective of the order in which such persons are named in this chapter, and irrespective of the residence of any superior officer or authorized person upon whom service of summons may be had; or in the county where the cause of action, or some part thereof may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

Section 136 fixes the venue of actions against turnpike companies.

Section 137 fixes the venue of actions against foreign corporations and non-residents.

Section 138 fixes the venue of actions for divorce.

Section 139 provides:

"Every other action must be brought in the county in which the defendant or someone of the defendants resides or may be summoned."

It is the contention of plaintiff that, since it is a corporation within the contemplation of section 134, above quoted, the venue of any action and particularly the one being attacked is laid in Pittsburg County, where it is situated and where the cause of action arose. With this contention, we agree. In the case of Oklahoma City v. District Court, 168 Okl. 235, 32 P.2d 318, 93 A.L.R. 489, it was held that said statute, 12 O.S.1951 § 134 applied to municipal corporations and fixed the venue of actions against them. The opinion contains a thorough explanation of the reasons for that conclusion. The interpretation of the statute established it as a departure from the common law rule that a municipality could only be sued in the county of its situs. Applying the above cited statutes to the case at bar; as to the defendant bus company in the primary case, the venue was fixed by section 135; as to the defendant municipality, the venue was fixed by section 134; as to the individual defendant, the venue was fixed by section 139 only in cases where the foregoing provisions did not apply. Pittsburg County, then, was the only county meeting the requirements of all three statutes.

It will be noted that, as to a domestic corporate defendant, the venue of an action is fixed by section 134 and that section 139 can have no application as regards the municipality for the reason that the latter statute applies only to "every other action", meaning other than as provided for by sections 131–138 inc. A very similar situation was before the Kentucky Court in the case of Crume v. Taylor, 272 Ky. 585, 114 S.W.2d 1119. In that State, the venue of

an action for personal or property injury lies in the county where " 'the defendant resides or in which the injury is done.' " Very similar to our section 134 relative to domestic corporations. Another section of the Kentucky law provided for other actions, much the same as our section 139 does. In the Kentucky case, the plaintiff sued two individual defendants residing in different counties for personal injuries. The action arose in one of said counties and suit was brought in the other. The non-resident defendant objected to the jurisdiction of the court because of lack of venue. In sustaining that contention, the court said,

"Plainly, the case at bar is controlled by section 74 and is therefore expressly excepted from the operation of section 78. The very provision localizing actions under section 74 thus excludes the application of section 78.

" * * * Under section 74 the plaintiff could sue both defendants in the county where the injury occurred. If he chose to sue in the county of residence of but one of the two defendants, then both reason and justice, to say nothing of the provision of the Code, dictate that the nonresident should have at least the option of saying whether or not he would submit to a suit in that jurisdiction. Appellee has carefully preserved his rights, and the provisions of the Code are clear."

The same reasoning is here applicable. If the plaintiff had so desired, he could have maintained the action as against all defendants in the county where the cause arose but, if he chose to bring it in a county where venue did not lie as regarded the municipality, then, that defendant had the option of saying whether or not it would submit to a suit in that jurisdiction.

In the case of LaFayette v. Bass, 122 Okl. 182, 252 P. 1101, there were three defendants—a foreign corporation, a domestic corporation and an individual. The action was brought in the county where the cause arose and where plaintiff resided. It was held that the venue as to the foreign corporation was in the county where

plaintiff lived or the cause arose, 12 O.S. 1951 § 137; that as to the domestic corporation the venue was in the county where the cause arose, 12 O.S.1951 § 134; that, the action having been rightly brought in compliance with the two mentioned statutes, summons could be issued to another county for service on the domestic corporation and the individual defendant, 12 O.S.1951 § 154.

In the case of Board of Com'rs of Kiowa County v. Kiowa Nat. Bank, 141 Okl. 271, 284 P. 634, it was held that a county was a municipal corporation and, since there was no specific statute fixing the venue of actions against it, the general statute as to domestic corporations, 12 O.S. 1951 § 134 was applicable and venue lay in the county where the cause arose.

In the case of Temple v. Dugger, 164 Okl. 84, 21 P.2d 482, it was held that an action having been rightly brought against a transportation company in a county through which or into which the line passes, 12 O.S.1951 § 135, a summons could be issued to another county for service on an individual defendant and on the members of said company, a partnership.

The case of Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050, 1051, was an action for wrongful death, brought by the administratrix, of the deceased against the individual who owned the truck involved in the fatal accident, the individual who was the driver thereof, and the foreign corporate insurance carrier. The action was brought in the county of plaintiff's residence, compliance with 12 O.S. 1951 § 137 as to the defendant foreign corporation. The individual defendants were non-residents of said county. It was there held that, since the action was brought in compliance with the statutory requirements as to foreign corporations, the venue was proper as to non-resident individual defendants. However, some of the wording in the opinion was somewhat loose, permitting a misconception as to the meaning intended. It was therein said,

"However, it is settled that an action against two or more defendants

jointly liable may be maintained against such defendants in any county that is proper venue for any one of the defendants. Section 117, O.S. 1931, 12 Okl.St.Ann. § 139; Section 167, O.S.1931, 12 Okl.St.Ann. § 154."

The intention of the court would have been more clearly expressed if the statement had been worded, as follows:

"However, it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue as provided by specific statutes for any one of the defendants when the venue as to the other defendants would have otherwise been fixed by 12 O.S.1951 § 139 and that, by virtue of 12 O.S.1951 § 154, summons may issue to other counties for service on said latter mentioned defendants."

█ Founded upon, and in harmony with, the former opinions of this court, including those cases hereinabove cited, we conclude that venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is "rightly brought" so that under the authorization of 12 O.S. 1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed by 12 O.S.1951 § 139.

As to the primary action which is here under attack, the venue of any action against the City of McAlester was fixed by 12 O.S.1951 § 134 in Pittsburg County and the District Court of Oklahoma County, the defendant in the instant proceeding obtained no jurisdiction over said municipal corporation, the plaintiff here.

Writ of prohibition is granted and ordered issued.

JOHNSON, C. J., and WELCH, HALLEY and CARLILE, JJ., concur.

WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., dissent.

WILLIAMS, Justice (dissenting).

In my opinion, the majority opinion changes the statutory law of venue in this state and almost completely abrogates one section thereof by reading into both the statute and previous opinions of this court that which was not there, and which completely changes the meaning thereof. Furthermore, such action is taken chiefly upon the authority of an isolated case which is not in point and which is from a jurisdiction whose venue statutes differ greatly from those of this state.

If it be necessary to refer to cases from other jurisdictions for authorities upon which to base the opinion in this case, which I do not believe to be true, there are numerous decisions available from our neighboring states whose venue statutes are either identical with or substantially similar to those of our own state and which are much more in point than the Kentucky case relied upon by the majority opinion.

The code of civil procedure of this state, of which the venue statutes herein involved are a part, was adopted from the State of Kansas, and the decisions of that state are therefore very persuasive. Wells v. Shriver, 81 Okl. 108, 197 P. 460. 12 O.S. 1951 § 154 has never been amended and exists today in the same form in which it was originally adopted from the state of Kansas. 12 O.S.1951 § 134, has been only slightly amended since its original adoption. The case of Farmers Grain & Supply Co. v. Atchison, T. & S. F. Ry. Co., 120 Kan. 21, 121 Kan. 10, 245 P. 734, 736, was a case where the Farmers Grain & Supply Co. brought a suit in Reno County, Kansas, against the Atchison, T. & S. F. Ry. Co., the Red Star Milling Co., and the Edward Kelly Grain Co., the last two named corporate defendants having their places of business in Sedgwick County, Kansas. These last named defendants attacked the venue of the action, claiming that they should have been sued in Sedgwick County, the county of their residence. The Supreme Court of Kansas disposed of such contention with the following language:

"The defendants, other than the railway company, located in Sedgwick county, contended that they were illegally summoned and sued in Reno county, where the action was brought. It is conceded that jurisdiction of the railway company was obtained in Reno county, and under the statute, when an action is rightly brought in one county, a summons may issue to another against nonresident defendants. R.S. 60–2502".

In Traders State Bank of Glen Elder v. Wooster, 159 Kan. 337, 154 P.2d 1017, 1022, the action was brought by Traders State Bank of Glen Elder against O. O. Wooster, the A. B. Reed Hide & Wood Company and A. B. Reed, et al, to recover certain money. The action was brought in Mitchell County, Kansas. Defendant, O. O. Wooster, resided in Mitchell County and service was had on him in that county, and process was issued to Saline County, Kansas, where it was served upon the A. B. Reed Hide & Wood Company, which had its place of business in Salina, in Saline County. In the opinion the court said:

"Since one of the necessary parties to the action resided in Mitchell county, the action was properly brought in that county, and summons was properly served on the other necessary parties to the action in Saline county."

The Supreme Court of the State of Missouri, in the case of State ex rel. Columbia Nat. Bank v. Davis, 314 Mo. 373, 284 S.W. 464, had before it a case quite similar to the case at bar, even to the extent of being an original action to procure a Writ of Prohibition. The questions involved, as well as the statutes involved, in that case, are strikingly similar to those in the case at bar. The holding of the court as shown by the syllabus of the opinion therein, is as follows:

"Statute fixing venue in actions, against corporations does not apply, where a corporation is sued jointly with another, unless no cause of action exists against latter or plaintiff dismisses suit as to him before trial.

*   *   *   *   *   *

"Rev.St.1919, § 1177 [V.A.M.S. § 508.010], providing that suits against several defendants residing in different counties may be brought in any such county, applies to all defendants, including corporations sued with natural persons or other corporations, as corporations have residences as do natural persons.

"Rev.St.1919, § 1180 [V.A.M.S. § 508.040], requiring that suits against corporations be commenced in county where cause of action accrued, or where corporation has office or agent, applies only where corporation is sole defendant, not where it is sued with natural persons or another corporation, as to so construe act would impliedly repeal section 1177 as respects corporation defendants and convict Legislature of enacting scheme of venue in civil cases not covering all possible situations.

"Statutes should not be construed as enacting scheme of venue in civil cases not covering all possible situations, unless plain language of each is susceptible of no other construction."

In the body of the opinion, the court used the following language:

"It can as well be said in this case, that, if section 1180 must be construed as relator contends, such construction destroys the jurisdiction over corporation defendants of courts in counties where other defendants reside and renders meaningless to that extent subdivision 2 of section 1177, providing that—'When there are several defendants, and they reside in different counties, the suit may be brought in any such county.'

"Such construction should only be adopted where the Legislature has clearly expressed its intention. Such construction would make it necessary,

in causes of action against two corporations having offices in different counties, to bring two suits upon one joint and several cause of action, which accrued outside of the state, or plaintiff would have to pick the corporation which he wished to proceed against in a single suit. * * *

" * * * To construe section 1180 as fixing the venue of suits against corporations when they are sued with natural persons or another corporation is to repeal section 1177 by implication in so far as corporation defendants are concerned, when the plain language of section 1177 is that it applies to all defendants. So much of section 1177, as is of interest here, reads: 'Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * Second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county,' etc.

"Corporations have a residence the same as do natural persons. 14 C.J. 338. By construing section 1180 to apply only where a corporation is made sole defendant in a suit, no violence is done to subdivision 2 of section 1177, and the two sections, as thus construed, constitute parts of a harmonious and workable scheme of venue in civil cases. To construe section 1180 otherwise is to convict the Legislature of enacting a scheme of venue in civil cases which does not cover all possible situations. This should not be permitted unless the plain language of the two sections is susceptible of no other construction."

In the case of Sallee v. Bank of Corning, 122 Ark. 502, 184 S.W. 44, 47, the suit was brought by the plaintiff in Randolph County, Arkansas, against Running Lake Drainage District in Randolph County, and the Bank of Corning, a corporation doing business in Clay County, Arkanas. Summons was issued from the court in Randolph County and served on the president of the bank in Clay County. At the instance of the bank, the service of summons was quashed on the grounds that the bank could not be sued in Randolph County. The Supreme Court of Arkansas in reversing the circuit court of Randolph County, said:

"The court also quashed the service of summons upon the Bank of Corning. The suit was commenced in Randolph county, and service of summons against Spinnenweber and the United States Fidelity & Guaranty Company was had in that county. The Bank of Corning had its place of business in Clay county, and service of summons was had upon its president in that county. This was sufficient.

"Under section 6072 of Kirby's Digest, an action like the present one may be brought in any county in which one of several defendants resides or is summoned. If the suit had been against the Bank of Corning *alone,* it should have been brought in Clay county where the bank was situated and did business. See section 6067 of Kirby's Digest. However, as we have already seen, the suit was brought against the Bank of Corning and other defendants, and service was had upon the other defendants in Randolph county. They were proper parties to the suit, and judgment against the Bank of Corning could be upheld under section 6072 of Kirby's Digest."

The Supreme Court of Texas rendered an opinion to the same effect as the foregoing in the case of Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

In my opinion the foregoing authorities are most compelling. However, as I have already indicated, it is not necessary to resort to authorities from other jurisdictions, because the decisions of this court have already settled the questions here involved very clearly. In Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050, 1051, the court said:

"However, it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue for any one of the defendants. Section 117, O.S. 1931, 12 Okl.St.Ann. § 139; Section 167, O.S.1931, 12 Okl.St.Ann. § 154."

The majority opinion characterizes the above wording as being somewhat loose and as permitting a misconception of the meaning intended. In my opinion the language used was neither loose nor subject to misconception. I think it means just exactly what it says. The above quotation from Wray v. Garrett, supra, is immediately followed by the following citations of authority: Fisher v. Fiske, 1923, 96 Okl. 36, 219 P. 683; Oklahoma State Bank of Ada v. Reed, 1926, 121 Okl. 103, 247 P. 402; Wilkinson v. Whitworth, 1934, 169 Okl. 286, 36 P.2d 932; In the case of American Body & Trailer Co. v. Higgins, 195 Okl. 349, 156 P.2d 1005, 1007, the court said in the body of the opinion:

"The action is transitory and not being within the statutory exceptions thereto the venue is to be determined by Title 12, sec. 139, O.S. 1941, providing that ' * * * action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned * * *' as qualified by section 134 of same title to the effect such action against a domestic corporation 'may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose.'"

In case of First State Bank of Tuskahoma v. J. B. Klein Iron & Foundry Co., 180 Okl. 42, 68 P.2d 777, 778, the action was instituted by a domestic corporation against a co-partnership, a foreign insurance corporation and two state banking corporations, as well as an individual. All of the defendants except the foreign insurance corporation were residents of and domiciled in Pushmataha County, Oklahoma. The action was instituted in the district court of Oklahoma County. The two state banking corporations appealed from the judgment of the district court, and in the body of the opinion this court said:

"The first of these is that the trial court erred in overruling their special appearance and motions to quash. We think that this contention is well taken. As said in State ex rel. Murray v. Mortgage Securities Corp., 175 Okl. 503, 53 P.2d 560: 'Where summons is issued from one county to another under the provisions of section 117, O.S.1931 [12 O.S.1951 § 139], and the petition in the case fails to state a joint cause of action against the resident and nonresident defendants, the summons so issued to another county may be quashed at the instance of the nonresident defendant upon special appearance and proper motion.' See, also, Wilkinson v. Whitworth, 169 Okl. 286, 36 P.2d 932; Fisher v. Fiske, 96 Okl. 36, 219 P. 683. Had the petition of the plaintiff stated a joint cause of action against the defendants, *then summons could have rightfully issued for the other defendants in Pushmataha County.* See LaFayette v. Bass, 122 Okl. 182, 252 P. 1101." (Emphasis added.)

The majority opinion fails to take note of the distinction between a suit against several tort-feasors when they are sued jointly, and a suit against an individual alone or against a corporation alone. However, this court has already indicated that there is such a distinction in the case of Fisher v. Fiske, supra. In the body of the opinion in that case the court said [96 Okl. 36, 219 P. 684]:

"There is a valid distinction between a suit against tort-feasors, when they are attempted to be held jointly, and against them when they are attempted to be held severally and individually.

In the former, the statute permits a nonresident to be brought in as a necessarily proper party; in the latter, the nonresident cannot be forcibly made a party to the suit. Therefore, should it be determined at any time that the resident defendant is not properly a party, is not connected with the alleged liability of the nonresident, the nonresident cannot be held upon his several or individual liability outside of the county of his residence."

The majority opinion correctly holds that for the purpose of venue a municipal corporation is a domestic corporation. We so held in Oklahoma City v. District Court, 168 Okl. 235, 32 P.2d 318, 93 A.L.R. 489. The majority opinion then proceeds to hold, however, that a domestic corporation cannot be sued jointly, as a joint tortfeasor, in any county other than the county in which it is situated or in which the cause of action arose. Such holding is clearly contrary to the plain provisions of our venue statutes and the prior opinions of this court, as well as the opinion of the courts of other states having the same or substantially similar venue statutes. I therefore respectfully dissent.