## TIBBETT & PLEASANT et al. v. OKLAHOMA STATE BANK OF FREDERICK.

No. 15372—Opinion Filed Oct. 13, 1925.

Rehearing Denied Sept. 14, 1926.

### 1. Corporations—Venue of Actions Against.

Under section 43 of article 9 of the Constitution, suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action arose.

### 2. Process—Summons to Another County.

Where an action is rightfully brought in a county, summons may be issued to any other county against the defendants, or any of them.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Thomas A. Edwards, Assigned Judge.

Action by the Oklahoma State Bank of Frederick, Okla., against Tibbett & Pleasant, a copartnership, composed of E. R. Tibbett and Carl Pleasant, and Tibbett & Pleasant, Incorporated, a corporation. Judgment for plaintiff, and defendants bring error. Affirmed.

Allen & Underwood, for plaintiffs in error.

J. O. Counts, for defendant in error.

Opinion by JARMAN, C. The Oklahoma State Bank of Frederick, Tillman county, Okla., commenced this action against Tibbett & Pleasant, a copartnership composed of E. R. Tibbett and Carl Pleasant, and Tibbett & Pleasant, Inc., a foreign corporation, to recover judgment for $10,000 on a promissory note. Judgment was for the plaintiff, and the defendants have appealed.

The action was instituted in the district court of Tillman county, Okla., and alias summons was issued and directed to the sheriff of Tulsa county, Okla., who served the same on the defendants in Tulsa county, and made his return accordingly.

The defendants contend that the district court of Tillman county did not have jurisdiction over them for the reason that they did not have any property, or debts owing to them, in Tillman county, and for the further reason that neither of them resided in Tillman county. This contention is based on section 205, C. S. 1921, which provides:

"In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of or debts owing to such defendant, or where such defendant may be found. * * *"

This section of the statute cannot restrict the venue for actions against foreign corporations as provided by section 43, article 9, of the Constitution, as follows:

"* * * Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

In discussing the section of the statute and the provision of the Constitution, supra, this court laid down the following rule, which is controlling here:

"Section 43 of article 9 of the Constitution, which provides, among other things, that suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action arose. is self-executing." A., T. & S. F. Ry. Co. v. Lambert, 32 Okla. 665, 123 Pac. 429; Prairie Oil & Gas Co. v. Dist. Court of Grady Co., 71 Okla. 32, 174 Pac. 1056.

It follows, therefore, that, since the plaintiff had its place of residence in Tillman county, the action was rightfully brought in said county, and the alias summons was properly issued and directed to the sheriff of Tulsa county for service on the defendants, as provided by section 234, C. S. 1921.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. p. 1399, § 4120 (Anno); anno. 70 L. R. A. 691; 12 R. C. L. p. 117, et seq. (2) 32 Cyc. p. 427; L. R. A. 1916E, 244; 12 R. C. L. p. 119.