The CITY OF CUSHING, Oklahoma, a municipal corporation, Petitioner,

v.

Honorable G. B. "Chuck" CORYELL, Judge of the Superior Court of Creek County, Oklahoma, Respondent.

No. 41344.

Supreme Court of Oklahoma.

March 2, 1965.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Joseph F. Glass, Tulsa, for petitioner.

Charles E. Daniel, Drumright, for respondent.

DAVISON, Justice.

This is an original proceeding in this court by petitioner, City of Cushing, Oklahoma, a municipal corporation, for a writ prohibiting the respondent, G. B. "Chuck" Coryell, Judge of the Superior Court of Creek County, from exercising further jurisdiction over the petitioner in an action brought in said court (Drumright Division, No. 4030) by Dan Cox against one Homer S. Hodo and the City of Cushing. The alleged basis for said writ is that as to the City of Cushing the venue of the action did not lie in Creek County. Petitioner asserts that the respondent arbitrarily denied its special plea of lack of venue and jurisdiction and is exercising excessive and unauthorized judicial power in assuming to hear and determine the action.

The primary action, as originally filed in the Superior Court of Creek County, was an action by Cox against Hodo to recover damages for personal injuries suffered by Cox in Payne County, in which the City of Cushing is located and on whose streets the injuries occurred. Service of summons was made on Hodo in Creek County. Thereafter Cox filed an amended petition, alleging Hodo was an employee of the City of Cushing, making the municipality a defendant, and seeking damages against both Hodo and the City of Cushing because of their joint liability. The municipality was served with summons in Payne County, the county of its situs.

Petitioner cites City of McAlester v. Fogg, Okl., 312 P.2d 867, in support of its contention that the venue of the action against it was in Payne County and not in Creek County. The circumstances in the cited case are in all pertinent respects identical and the law and conclusion pronounced therein are decisive of the present controversy.

Disposition of this matter requires only a limited discussion.

Pursuant to the cited decision, 12 O.S.1961, § 134, applies to municipal corporations and fixed the venue of the action against the City of Cushing. Likewise 12

O.S.1961, § 139, fixed the venue of the action against the individual defendant, Hodo, but is not applicable to venue of actions against the municipality because it applies to "every other action," and thereby excluded actions provided for by the preceding Sec. 134, supra. It is obvious that there is a failure to comply with the requirements of the following statement of law from the cited case:

"* * * venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is 'rightly brought' so that under the authorization of 12 O.S.1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed by 12 O.S. 1951 § 139."

The respondent states that the fact the defendant Hodo was an employee of the City of Cushing distinguishes the present proceeding from City of McAlester v. Fogg, supra. However respondent does not cite any supporting authorities that this would have any pertinent legal effect. We fail to see how such fact has any legal significance in determining the present question of venue.

As to the action in the Superior Court, the venue of the action against the City of Cushing was fixed by 12 O.S.1961, § 134, in Payne County and the respondent herein obtained no jurisdiction over said municipal corporation.

Writ of prohibition is granted and ordered issued.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs by reason of stare decisis.

WILLIAMS, J., dissents.