CHRIS WELL SERVICING CO., a domestic corporation, Plaintiff,

v.

G. B. "Chuck" CORYELL, Judge of the Superior Court of Creek County, Bristow Division, Oklahoma, Defendant.

No. 42674.

Supreme Court of Oklahoma.

Nov. 21, 1967.

As Corrected Dec. 8, 1967.

Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for petitioner (plaintiff).

William A. Kerr, Oklahoma City, Charles E. Daniel, Drumright, for respondent (defendant).

DAVISON, Justice.

Chris Well Servicing Co., a domestic corporation, herein seeks an order of this court assuming original jurisdiction and a writ addressed to respondent judge prohibiting further proceedings in a certain action pending in the court over which he presides and in which it is joined as a party defendant.

That action was brought by the administrator of the estate of Ronald Dean Barrington, deceased. The deceased had been a resident of Garvin County, Oklahoma, on April 19, 1967. He was killed in an oil field mishap in Blaine County, Oklahoma, on April 19, 1967. The administrator was appointed in Garvin County, Oklahoma, and is a resident of the State of Delaware.

One of the defendants in the action in the lower court is Dowell Division of the Dow Chemical Company, a corporate resident (a foreign corporation) of Delaware. Such defendant Dowell has properties in Creek County, Oklahoma, where the action of which complaint is herein made was brought. Dowell has been served with summons in that action pursuant to 12 O.S. 1961, § 137. Chris Well Servicing Co. is a domestic corporation of Oklahoma with its situs in Oklahoma County.

Plaintiff in such action in the Superior Court of Creek County joined Chris Well Servicing Co., as a co-defendant and alleged joint tort-feasor of Dowell's.

Plaintiff (petitioner) herein asks us to hold that 12 O.S.1961, § 134, as interpreted in City of McAlester v. Fogg, Okl., 312 P.2d 867, and City of Cushing v. Coryell, Okl., 400 P.2d 174, is a specific venue statute and governs over the general venue statute, 12 O.S.1961, § 139.

Section 134, supra, (which immediately follows three sections (131, 132 and 133) fixing the venue of actions relating to the possession and title to real estate, suits for the recovery of fines and forfeitures, and certain suits against public officials, in only one particular county), is as follows:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

This court in the case of City of McAlester v. Fogg, supra, held that a municipal corporation is "a corporation created by the laws of this state" as used in such Section 134 and that the City of McAlester was entitled to defend the action filed against it in the courts of Pittsburg County, Oklahoma, where it is situated. In that case an accident happened in the City of McAlester, Pittsburg County, while the plaintiff was a passenger on a bus operated by a corporation, owner of a motor bus transportation system. The bus company's lines ran through Oklahoma County and its principal offices were located in said county. The plaintiff filed a tort action for personal injuries against the two defendants above named and the individual bus driver in the District Court of Oklahoma County. On application of defendant, City of McAlester, a domestic corporation, for a writ of prohibition against the above court from proceeding in said cause this court granted the writ on the theory that jurisdictional requirements of Section 134 had not been met.

In the case of City of Cushing v. Coryell, supra, it was sought to bring the named corporate municipality as a defendant into an action in Creek County, although such municipal corporation was situated in Payne County, on the theory that its employee and co-defendant Hodo had been sued in and served in Creek County and

that, therefore, pursuant to 12 O.S.1961, § 139, it could be joined as a defendant in the Creek County case.

This court, in assuming original jurisdiction in that case and stopping further proceedings in the Creek County case against the City of Cushing, referring to case of City of McAlester v. Fogg, said:

"12 O.S.1961, § 139, fixed the venue of the action against the individual defendant, Hodo, but is not applicable to venue of actions against the municipality because it applies to 'every other action' and thereby excluded actions provided for by the preceding Sec. 134, supra. It is obvious that there is a failure to comply with the requirements of the following statement of law from the cited case:

"'* * * venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is "rightly brought" so that under the authorization of 12 O.S.1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed by 12 O.S.1951 § 139.'"

Respondent urges that the present case involves a domestic corporation and not a municipal corporation and for that reason is distinguishable from the cases of City of McAlester v. Fogg, supra, and City of Cushing v. Coryell, supra. This question has heretofore been answered adversely to respondent's contention in the case of Oklahoma City v. District Court of Thirteenth Judicial District et al., 168 Okl. 235, 32 P.2d 318, 93 A.L.R. 489. There we said that the word "corporation" in 12 O.S.1961, § 134, is to include municipal corporations, and is applicable to municipal corporations as well as to domestic corporations. See also City of McAlester v. Fogg, supra.

Argument is presented herein on behalf of respondent judge that it would be difficult to ascertain where to sue two domestic corporate defendants for combined and concurring negligence in an instance where they might have caused an injury at some location outside the State. That question is not here presented, not briefed, and requires no answer. However, in the case of City of McAlester v. Fogg, supra, we held as we did even though another domestic corporation was properly a defendant in the Oklahoma County case, wherein it was sought to keep the City of McAlester as a co-defendant.

■ Respondent argues that the language in Section 134 using the word "may" instead of the word "must" is of permissive effect. We are unable to agree with this argument. Sections 131, 132 and 133, use the word "must" but each of these sections provide for actions described therein to be filed in only one county and the word "must" is proper when considering those actions. Under Section 134, jurisdiction is not confined to a single county and confers jurisdiction on more than one county in a proper case.

Respondent also argues that Section 139 applies to the facts in the present case. We cannot agree. It will be noted that as to a domestic corporation, the venue of an action is fixed by § 134. Section 139 can have no application as regards the domestic corporation for the reason that the latter statute, Section 139, applies only to "every other action," meaning other than provided for by the earlier Sections 131–138, inclusive. This same reasoning applies to Section 154 cited by respondent.

We are of the view that the discussion in the City of McAlester v. Fogg, supra, opinion of the meaning of § 139, supra, of the applicability of the Kentucky case of Crume v. Taylor, 272 Ky. 585, 114 S.W.2d 1119 and of the meaning of our opinion in the case of Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050, renders further treatment of respondent's arguments herein unnecessary.

To paraphrase the language of the City of McAlester v. Fogg, case which appears below the quotation from the Kentucky case, supra, if plaintiff had so desired he could have maintained the action as against

all defendants in the county where the cause arose, but, if he chose to bring it in a county where venue did not lie as regarded defendant domestic corporation, then that defendant had the option of saying whether or not it would submit to a suit in that jurisdiction.

■ As to the primary action which is here under attack, the venue of any action against the defendant domestic corporation (Chris Well Servicing Co.) was fixed by 12 O.S.1961, § 134, in either Oklahoma County, the location of its principal place of business, or in Blaine County, the site of the decedent's fatal accident, and the court over which defendant (respondent) in this proceeding presides obtained no venue over said defendant domestic corporation, the plaintiff (petitioner) herein.

The foregoing opinion renders unnecessary any discussion of petitioner's request for relief on the ground of forum non conveniens.

Writ of prohibition is granted and ordered issued.

JACKSON, C. J., IRWIN, V. C. J., and BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.

WILLIAMS, Justice (dissenting).

I respectfully dissent to the opinion of the majority in this case for the reasons stated in my dissenting opinion filed in the case of City of McAlester v. Fogg, Okl., 312 P.2d 867, 871, upon which case the opinion in this one is bottomed, and for the additional reason that in my view the Legislature in enacting 12 O.S.1961, § 134 intended that section to apply only in an instance where a domestic corporation is the sole defendant, but did not at all intend it to apply in situations where there are co-defendants of such domestic corporate defendants who reside in or may be summoned (absent collusion) in a county other than that in which the cause of action or a part

of it arose or than that in which such a domestic corporate defendant may have its principal office, et cetera.

I feel this view was amply substantiated in a Missouri opinion cited in the former dissent, supra. As there quoted in part, in the case of State ex rel. Columbia Nat. Bank v. Davis, 314 Mo. 373, 284 S.W. 464, where the Missouri Supreme Court had before it a situation quite similar to that in the case at bar, even to the extent of being an original action to procure a writ of prohibition, and involving statutes strikingly similar to those of ours here involved, that Court said:

"[Statute] requiring that suits against corporations be commenced in county where cause of action accrued, or where corporation has office or agent, applies only where corporation is sole defendant, not where it is sued with natural persons or another corporation, as to so construe act would impliedly repeal section 1177 as respects corporation defendants and convict Legislature of enacting scheme of venue in civil cases not covering all possible situations.

"Statutes should not be construed as enacting scheme of venue in civil cases not covering all possible situations, unless plain language of each is susceptible of no other constructions."

\* \* \* \* \* \*

"It can as well be said in this case that, if section 1180 must be construed as relator contends, such construction destroys the jurisdiction over corporation defendants of courts in counties where other defendants reside and renders meaningless to that extent subdivision 2 of section 1177, providing that—'Where there are several defendants, and they reside in different counties, the suit may be brought in any such county.'

"Such construction should only be adopted where the Legislature has clearly expressed its intention."

This Court, when called upon to interpret a statute and in order to express the mean-

ing apparently intended by the Legislature, in its discretion, may delete language or add language to achieve clarity of expression. As said by this Court in the syllabus in the case of Curtis v. Registered Dentists of Oklahoma, 193 Okl. 233, 143 P.2d 427,

"It is a cardinal rule that in the construction of statutes, the legislative intent must govern, and to arrive at the legislative intent, the entire act must be considered, together with all other enactments upon the same subject, and, when the intention of the Legislature can be gathered from the entire statute, words may be modified, altered, or supplied to give the statute the force and effect which the Legislature intended."

By adding one word, we may plainly see what was intended in the enactment of sections 134 and 139 of such Title 12. That word is placed in brackets in the following partial quotation from the two sections.

"An action * * * against a corporation created by the laws of this state [only], may be brought in the county in which it is situated * * *"

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned * * *."

As substantiating this view, see also the case of Sallee v. Bank of Corning, 122 Ark. 502, 184 S.W. 44, 47, wherein the Supreme Court of that jurisdiction, in a case with similar facts, said:

"If the suit had been against the Bank of Corning alone, it should have been brought in Clay county where the bank was situated and did business. See section 6067 of Kirby's Digest. However, as we have already seen, the suit was brought against the Bank of Corning and other defendants, and service was had upon the other defendants in Randolph county. They were proper parties to the suit, and judgment against the Bank of Corning could be upheld under section 6072 of Kirby's Digest."

The Supreme Court of Texas rendered an opinion to the same effect in the case of Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

As stated in the former dissent, the code of civil procedure of this state, of which the venue statutes herein involved are a part, was adopted from the State of Kansas and the decisions of that state are therefore very persuasive. Wells v. Shriver, 81 Okl. 108, 128; 197 P. 460, 479.

The forerunner of our present 12 O.S. 1961, § 139 was section 55 of Chapter 66, Article 5, of the Statutes of Oklahoma, 1893. It then merely provided as now does the first clause of section 139, that, "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." 12 O.S.1961, § 154 has never been amended and exists today in the same form in which it was originally adopted from the State of Kansas. 12 O.S.1961, § 134 has been only slightly amended since its original adoption.

Two Kansas opinions demonstrate that the law of that state is as I believe we should interpret it here. The case of Farmers Grain & Supply Co. v. A. T. & S. F. Ry. Co., 120 Kan. 21, 121 Kan. 10, 245 P. 734, 736, was one in which the grain company sued the railroad and two domestic corporate defendants in Reno County, rather than Sedgwick County, the latter being that in which the two domestic corporate defendants were located. The Supreme Court of Kansas there said:

"The defendants, other than the railway company, located in Sedgwick county, contended that they were illegally summoned and sued in Reno county, where the action was brought. It is conceded that jurisdiction of the railway company was obtained in Reno county, and under the statute, when an action is rightly brought in one county, a summons may issue to another against nonresident defendants."

In Traders State Bank of Glen Elder v. Wooster, 159 Kan. 337, 154 P.2d 1017, 1022, there was involved the situation of the nat-

ural person Wooster, a defendant, being sued in Mitchell County, the county of his residence, and summons being served on the domestic corporate defendant Reed Hide and Wood Co. in Saline County. The Kansas Supreme Court there said that since Wooster was a resident of Mitchell County the action was properly brought there and that summons was properly served upon the named domestic corporate defendant and other necessary parties to the action in the other county.

Until recently, our Court has experienced no difficulty in permitting domestic corporate defendants to be brought into court in counties other than those wherein their principal office is located.

In the 1931 case of Owens v. Clark, 154 Okl. 108, 6 P.2d 755, 757, this Court in holding a domestic corporate publishing company amenable to suit in Atoka County, a county other than that in which it has its principal place of business, because part of the alleged cause of action arose there, speaking of a domestic corporation, said:

> "* * * Being a creature of the state, and enjoying the right to exist by the grace of the state, it cannot fundamentally claim the rights, benefits, and immunities of a natural person and must, therefore, submit itself to all of the reasonable rules and regulations imposed by its creator, and enjoying the unnatural right to exist, there can be no injustice to the class generally in permitting it to be sued and proceeded against in the courts of this state in jurisdictions other than its domicile, while a more restricted rule is applied to natural persons."

In this connection see also the 1932 opinion of the Court in Tulsa Tribune Co. v. Dixon, 161 Okl. 196, 17 P.2d 470.

That this Court has upheld the portions of § 134, supra, permitting domestic corporate defendants to be sued in counties other than those in which their principal offices were located, if a joint cause of action were pleaded and proven against them, is demonstrated by the holdings in the following cases: Oklahoma Nat. Bank v. Ezzard, 58 Okl. 251, 159 P. 267, L.R.A. 1918A, 411 (where domestic corporate defendant was held to have been properly sued in Oklahoma County, service of summons upon its president having been obtained there); Badger Oil Co. v. Clay, 83 Okl. 25, 200 P. 433 (domestic corporate defendant with principal office and place of business in Garfield County, though it was the sole defendant, held to have been properly sued in Grady County where its president was served with summons, under circumstances that he was not "going, returning or attending in obeyance of any subpoena," and was not "in Grady County through any artifice, trickery or fraud, or the procurement of the plaintiff"); American Body & Trailer Co. v. Higgins, 195 Okl. 349, 156 P.2d 1005 (where domestic corporate defendant was located in Oklahoma County and its agent and co-defendant Pitts also resided there and where the facts showed the cause of action arose there, action was not rightly brought in Pittsburg County); LaFayette v. Bass, 122 Okl. 182, 252 P. 1101, 1103 (domestic corporate defendant was held to be proper defendant in McIntosh County action, although not located there, as injured minor plaintiff resided there and had alleged and proved valid joint cause of action against such defendant and two co-defendants, they being a natural person and a foreign corporation brought in pursuant to present § 137, supra); Oklahoma Fire Ins. Co. v. Kimple, 57 Okl. 398, 156 P. 300, (where domestic corporate defendant insurance company had originally been sued before the 1913 legislative deletion of provision in present § 134 "[that] if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose," and after affirmance here of her judgment, sued in Muskogee County on the bond and the domestic corporate defendant was held to have to answer there though it had removed to Oklahoma County in the meanwhile and all its sureties and co-defendants resided outside Muskogee County); Western Paving Co. v.

Binion, 50 Okl. 273, 150 P. 898 (where one Caylor and one Watson had obtained separate default judgments in the justice court of Chortaw County and this Court affirmed the judgment of the District Court of Oklahoma County which dissolved a temporary injunction against the Sheriff of Oklahoma County from levying execution under such transcripted justice court judgments and dismissed the action by Western Paving, because the original causes of action upon which the justice court judgments were based had arisen in Choctaw County); Katschor v. Eason Oil Co., 185 Okl. 275, 91 P.2d 670 (where this Court reversed the action of the District Court of Logan County in sustaining domestic corporate defendant's special appearance and motion to quash service of summons because its principal place of business was in Garfield County, on the ground that the cause of action arose in Logan County where such defendant was sued); see also the Owens v. Clark and Tulsa Tribune Co. v. Dixon cases, supra, hereinabove cited in a slightly different connection, (of similar effect on the point presently being considered); and the case of Public Service Co. of Oklahoma v. Hawkins, 194 Okl. 272, 149 P.2d 783 (where the action from which the appeal was taken had been filed in Coal County; where by its charter the domestic corporate plaintiff in error had been authorized to do business in two places in that county; and where referring in its syllabus to section 134, supra, this Court there said:

"Within the meaning of such section such corporation may be sued in any county wherein it regularly maintains an office or place of business, with servants, employees or agents engaged in conducting and carrying on the business for which it exists, although it has its principal office or place of business in another county.")

It is believed worthy of note that in the case of Fisher et al v. Fiske, 96 Okl. 36, 219 P. 683, this Court in discussing § 139, supra, made no distinction between natural and domestic corporate defendants in the connection hereinafter set forth. Miss Fiske had sued the driver Holcomb, Fisher, the son and in charge of the automobile, and Fisher, the father, and owner of the automobile, which was the instrumentality with which she claimed they had injured her. The jury had let Holcomb, the Tulsa County resident, out but rendered verdict against the Fishers. This Court, in reversing, said there would have to be joint liability on the part of a resident defendant "[i]n order to give the court jurisdiction over joint defendants who are nonresidents of the county where suit is brought, and for whom summons is issued to another county."

Of similar effect was the holding in Oklahoma State Bank of Ada v. Reed, 121 Okl. 103, 247 P. 402, where this Court affirmed the trial court, it having released the nonresident individual co-defendant Reed under circumstances that Reed's co-defendant West, the resident defendant, had already been released upon the ground of not being jointly liable on a note.

Of like effect was the opinion in the case of Wilkinson v. Whitworth, 169 Okl. 286, 36 P.2d 932, involving a failure to plead and prove joint liability upon a contract, and wherein, in deciding the matter, this Court quoted with approval from its former opinion in Fisher v. Fiske, supra.

Pursuing this line of thought (that § 139 applies to domestic corporate defendants as well as natural defendants when properly brought into an action in another county than that of their location or residence), I deem worthy of consideration the 1937 case of First State Bank of Tuskahoma v. J. B. Klein Iron & Foundry Co., 180 Okl. 42, 68 P.2d 777, 778. There the action was instituted by a domestic corporation against a co-partnership, a foreign insurance corporation and two (domestic) state banking corporations, as well as an individual defendant. All of the defendants except the foreign insurance corporation were residents of and domiciled in Pushmataha County, Oklahoma. The action was instituted in the district court of

Oklahoma County. The two state banking corporations appealed from the judgment of the district court adverse to themselves. In the body of the opinion this Court said:

"The first of these is that the trial court erred in overruling their special appearance and motions to quash. We think that this contention is well taken. As said in State ex rel. Murray, Gov. v. Mortgage Securities Corp., 175 Okl. 503, 53 P.(2d) 560: 'Where summons is issued from one county to another under the provisions of section 117, O.S.1931 [12 O.S.1951 § 139], and the petition in the case fails to state a joint cause of action against the resident and non-resident defendants, the summons so issued to another county may be quashed at the instance of the nonresident defendant upon special appearance and proper motion.' See, also, Wilkinson v. Whitworth, 169 Okl. 286, 36 P.(2d) 932; Fisher v. Fiske, 96 Okl. 36, 219 P. 683. *Had the petition of the plaintiff stated a joint cause of action against the defendants, then summons could have rightfully issued for the other defendants in Pushmataha County.* See LaFayette v. Bass, 122 Okl. 182, 252 P. 1101." (Emphasis added).

In the case of Western Paving Company v. Binion, supra, in which this Court, as has been said hereinabove, affirmed the action of the trial court in refusing to interfere with the enforcement and collection of the Choctaw County justice court judgments against the Oklahoma County-based domestic corporation, and *making no distinction between corporate and natural persons,* said the second question for determination in the case was merely whether valid service can "be obtained upon a party residing in another county in an action brought before a justice of the peace in such cases as are" mentioned in the Act of March 22, 1913, (Laws 1913, c. 83), (being our present section 134, supra.)

In the syllabus of the case, this Court held:

"The act approved March 22, 1913 (Laws 1913 c. 83), relating to venue of actions against domestic corporations and providing that actions against such corporations may be brought 'in the county where the cause of action or some part thereof arose,' confers jurisdiction in such actions upon justice of the peace courts when the cause of action in all other respects is within their jurisdiction.

"In actions brought before a justice of the peace under the provisions of the statute above referred to, valid service may be had outside of the county, where the action is brought when properly directed and served."

The 1939 case of Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050, 1051, was an appeal from the District Court of Jackson County. Mae Garrett, administratrix, had sued for the wrongful death in Comanche County of Charles L. Garrett. Defendants were Otto Wray, operator of a trucking business, Emmitt Meeks, his truck driver, and Employers Casualty Co., the insurance carrier. Defendants Wray and Meeks resided in Caddo County and plaintiff was a resident of Jackson County (where, as has been indicated, the action was brought). Defendant insurance company was a foreign corporation. Service upon it was obtained by serving the state insurance commissioner and the individual defendants were served in Caddo County. Verdict and judgment were for the plaintiff.

This Court held the liability of the defendants was joint. Following that determination, in the opinion the court said:

"It is further argued that even though the defendants are jointly liable, nevertheless there is no statute which permits the maintenance of an action in the county of plaintiff's residence against a foreign corporation and an individual resident defendant who does not reside in the county of plaintiff's residence. However, *it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue for any one of the defendants.*

Section 117, O.S.1931, 12 Okl.St.Ann. § 139; Section 167, O.S.1931, 12 Okl. St.Ann. § 154; Fisher v. Fiske, 1923, 96 Okl. 36, 219 P. 683; Oklahoma State Bank of Ada v. Reed, 1926, 121 Okl. 103, 247 P. 402; Wilkinson v. Whitworth, 1934, 169 Okl. 286, 36 P.2d 932. An action against a foreign insurance company may be maintained in the county of the residence of the plaintiff. Section 115, O.S. 1931, 12 Okl.St.Ann. § 137; Section 43, Art. 9, Oklahoma Constitution, Okl.St. Ann. A *joint action against a foreign insurance company and a resident of the State may be maintained in the county of the residence of the plaintiff and the resident defendant, though a nonresident of the county where the action is brought, may be summoned and brought into the county where the plaintiff resides.* Tibbett & Pleasant v. Oklahoma State Bank, 1926, 119 Okl. 109, 249 P. 149; Minton v. Minton, 1934, 170 Okl. 274, 39 P.2d 538.

"In view of our statutes and decisions in the matter, the cases from other jurisdictions relied on by defendants are not pertinent. It follows, from the foregoing rules of law, that this action is maintainable in Jackson County." (Emphasis added).

The judgment of the trial court was reversed for the erroneous reception into evidence of statements held not to be part of the "res gestae".

In the case of McAlester v. Fogg, supra, this Court, in discussing the opinion in the case of Wray v. Garrett, (312 P.2d 867, 870–871, supra, said:

"It was therein said,

"'However, it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue for any one of the defendants. Section 117, O.S.1931, 12 Okl.St.Ann. § 139; Section 167, O.S.1931, 12 Okl.St. Ann. § 154.'

"The intention of the court would have been more clearly expressed if the statement had been worded, as follows:

"'However, it is settled that an action against two or more defendants jointly liable may be maintained against such defendants in any county that is proper venue as provided by specific statutes for any one of the defendants when the venue as to the other defendants would have otherwise been fixed by 12 O.S. 1951 § 139 and that, by virtue of 12 O.S. 1951 § 154, summons may issue to other counties for service on said latter mentioned defendants.'

"Founded upon, and in harmony with, the former opinions of this court, including those cases hereinabove cited, we conclude that venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is 'rightly brought' so that under the authorization of 12 O.S.1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed by 12 O.S.1951 § 139.

"As to the primary action which is here under attack, the venue of any action against the City of McAlester was fixed by 12 O.S.1951 § 134 in Pittsburg County and the District Court of Oklahoma County, the defendant in the instant proceeding obtained no jurisdiction over said municipal corporation, the plaintiff here."

It appears to me that this Court following § 134 has not hesitated to hold domestic business corporations amenable to suit in counties other than those in which their principal office is located, if sued in counties where they have principal officers residing or where their principal officers may be summoned, or in counties where the cause of action or part thereof arose, or in counties where they do business even

though such a corporation may be the sole defendant in the respective situations.

From my research and examination of the authorities, up until the present case, there have been only two instances in which this Court has had occasion to hold that a domestic corporation, though it was but one of several defendants where a joint cause of action was pleaded, had the right to demand that a suit against it be brought in the county where it was situated.

In a situation where an action is rightly brought in a county against two or more defendants including a domestic business corporation and service is obtained upon one or more of the other defendants in such county, I am unaware of any reason in law why the court of such county may not properly be said to have venue over the action against such domestic business corporate defendant and why summons may not then be properly served upon such corporation as provided by law.

Also we have seen that there appears to be no reason to give a domestic business corporation greater consideration than a natural defendant, but that to the contrary, such a corporation is a creature of the State and may be regulated by it, both generally and as to where venue over it may be obtained for purposes of litigating with it.

I find no, compelling reasons of public policy to be considered in protecting an ordinary domestic business corporation from being sued in a county other than that of its principal place of business or the county where the cause of action arose, etc., as might be urged in the case of a municipal corporate defendant where a subdivision of the State might be called upon to render up to an extent some of its sovereignty.

Further, I am unaware of any reason why section 134 supra may not be held to apply in a proper case only where the only defendant is a domestic business corporation.

I am of the firm opinion that the foregoing authorities establish that a domestic corporation may be subjected to suit as reasonably may be provided by its creator, the State, speaking through its Legislature; that Kansas, from whom we got our statute, and other adjoining sister states with statutes the same as or similar to ours hold domestic corporate defendants amenable to suit in any county where their co-defendants with whom they are jointly liable may properly be sued; that the interpretation by this Court of our statutes until recently was of similar effect; that our Legislature, though presumably cognizant of such abiding interpretation, did not see fit to make a change in § 134 or § 139; that only recently and in two cases (City of McAlester v. Fogg, and City of Cushing v. Coryell), each involving a municipality, has this Court seen fit to say that the rule which appear to prevail generally, with some exceptions, does not obtain in Oklahoma; that § 134 should be held to apply in situations only where a domestic corporate defendant is the sole defendant in an action and that in furtherance of justice our opinions in the City of McAlester and City of Cushing cases should be overturned (or at least distinguished).

I suppose the authorities are legion to the effect, as noted in the quotation from the case of Curtis v. Registered Dentists of Oklahoma, supra, that in the process of construing a statute, the entire act must be considered, together with all other enactments upon the same subject.

It is my opinion that the Legislature intended that section 134, supra, should apply only in a case where suit is brought against a domestic corporate defendant *alone*. I feel that the opinions in McAlester v. Fogg and Cushing v. Coryell, supra, were promulgated in a laboring effort to protect the municipalities of this state from being haled into court in jurisdictions other than those in which they were officially located. To my mind, no such compelling reason obtains in the present situation.

I am of the opinion that this Court should revert to what I believe to be the projected effect of its holdings prior to McAlester v. Fogg and Cushing v. Coryell and simply hold that, pursuant to § 134 and § 139, supra, where a domestic corporate defendant is joined, in an action properly brought in a county other than that in which its principal office is located or in which the cause of action or some part thereof arose or where its officers reside or may be summoned, etc., as a codefendant with other defendants, natural or corporate, of whom under applicable statutes the trial court has venue (and jurisdiction), then such domestic corporate defendant is amenable to such suit and should be required to respond to summons issued out of such court.

Under the rule of the Curtis v. Registered Dentists case, supra, I see as much reason to interpret § 139 to require such a result as the respective provisions of § 134, when applicable, so require.

Petitioner herein asks us to hold that 12 O.S.1961, § 134 as interpreted in City of McAlester v. Fogg, Okl., 312 P.2d 867 and City of Cushing v. Coryell, Okl., 400 P.2d 174, is a specific venue statute and governs over the general venue statute, 12 O.S. 1961, § 139. I would decline to so hold.

If it is desirable to have provision in the law that a municipal corporation may be sued only in the county where it is situated or in that in which the cause of action arises, etc., I would think that either the Court should so state in line with court-made law that the sovereign may not be sued except under certain conditions or preferably that such should be made the subject of appropriate legislation.

I respectfully dissent.

I am authorized to state that Messrs. Justices BLACKBIRD and LAVENDER concur with the views herein expressed.