**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a Foreign Corporation, Petitioner,**

v.

**G. B. "Chuck" CORYELL, Judge of the District Court of Creek County, Oklahoma, Respondent.**

**No. 44756.**

Supreme Court of Oklahoma.

April 13, 1971.

Bonds, Matthews & Mason, Muskogee, for petitioner.

Blackstock & McMillan, by Harry M. McMillan, Bristow, W. A. McWilliams, Oklahoma City, for respondent.

LAVENDER, Justice.

Petitioner, Missouri-Kansas-Texas Railroad Company, a foreign corporation, seeks in this original proceeding a writ of prohibition directed to the respondent, Judge of the District Court of the Judicial District which includes Creek County, Oklahoma, to restrain and prohibit said respondent from continuing to exercise jurisdiction over petitioner in a cause now pending in the respondent's court. The thrust of petitioner's argument is that venue is improperly laid in Creek County regarding petitioner because it is a foreign corporation and such entities are entitled to be sued only in those counties within Oklahoma fitting the circumstances set forth in certain specific venue statutes of this state. Our attention is called to 18 O.S.1961, § 471 and 12 O.S.1961, §§ 137 and 135. It is argued that all of the cited sections of the statutes are specific venue statutes designating with certainty the places within Oklahoma where an action may be brought against a foreign corporation or (in the case of 12 O.S.1961, § 135) a transportation company.

We assume original jurisdiction.

The pertinent facts are not in dispute. The trial court proceeding alleges the occurrence of a train-automobile collision within the city limits of Coweta, Wagoner

County, Oklahoma. Plaintiff was a passenger in the car which was being driven by her husband when it collided with one of petitioner's trains. She sued both her husband and the petitioner in Creek County. Neither plaintiff nor her husband are residents of Creek County. It is also established that none of the conditions described in the above cited specific venue statutes exists with reference to petitioner and supportive of venue in Creek County. It is also established that petitioner timely objected in the trial court concerning that court's asserted lack of venue.

Service of summons was had upon the individual defendant within Creek County and he has entered his general appearance in the cause. Thereafter, service of process was had upon petitioner by serving its agent for the purpose of service of process in Oklahoma County.

Petitioner relies on the rule announced in City of McAlester v. Fogg (1957), Okl., 312 P.2d 867, and which was followed in City of Cushing v. Coryell (1965), Okl., 400 P.2d 174, and in Chris Well Servicing Co. v. Coryell (1967), Okl., 435 P.2d 610. Although none of the cited cases involved a question of venue in a case of the nature of the one pending in the trial court over a foreign corporation, petitioner argues that the rule of those cases is applicable by analogy to foreign corporations.

In City of McAlester v. Fogg, supra, we said:

"* * * venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is 'rightly brought' so that under the authorization of 12 O.S.1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed by 12 O.S.1951 § 139."

 We also pointed out that 12 O.S. 1951, § 139 is a general venue statute and has application only in those instances

where a specific venue statute is not applicable. The fact that the individual defendant in this cause was summoned in Creek County as contemplated by the provisions of Section 139 does not supply that court with venue over those defendants who are entitled to the benefits of specific venue statutes.

 Respondent argues, in effect, that because the 1970 Legislature amended the specific venue statute involved in Chris Well Servicing, supra (Section 134) by adding that an action against a corporation created by the laws of this state may be brought "in any county where a co-defendant of such corporation * * * may be properly sued," the Legislature effectively overruled the Chris Well case. We do not agree. Although the result of the application of the basic rule announced in that case would now be different, because of the amendment to Section 134, the above quoted rule from the City of McAlester case remains the law of this state, and is applicable in instances, such as here, where a specific venue statute states very clearly where (in what counties) actions may be brought against foreign corporations.

 Respondent argues that because of 12 O.S.1961, § 154 and because service was had upon the individual defendant in Creek County, summons could be issued to serve any other defendant, including the petitioner. The application of Section 154 is contingent upon the action being "rightly brought in any county." The action is not rightly brought in Creek County insofar as venue of the foreign corporation is concerned, and if that defendant objects, as it has done in this case, the trial court may not proceed to exercise authority over it. Respondent's argument also to the effect that the specific venue statutes referred to are "permissive" and not "mandatory," because the Legislature used the word "may" in the statutes, was also considered and answered in Chris Well Servicing Co. v. Coryell, page 612 of 435 P.2d. We reaffirm what was said in that case concerning such argument.

Respondent's argument that the construction of the venue statutes heretofore applied to domestic corporations should not now be extended to foreign corporations is not reasonable and is therefore without merit.

 Respondent's final argument is that Title 12 O.S. § 141, as amended by the Laws of 1965, furnishes sufficient statutory authority for venue in this matter over petitioner. That statute provides for venue in actions resulting from the use or operation of motor vehicles and, although it is true one of the defendants was using a motor vehicle at the time this accident occurred, it was not the intent of the Legislature in enacting that statute to provide venue of an objecting defendant who was not at the time of the occurrence operating or using a motor vehicle. The term, "motor vehicle," as it is used in Section 141, does not include a train operating upon rails.

Writ of prohibition is granted.

BERRY, C. J., DAVISON, V. C. J. and JACKSON, IRWIN, and HODGES, JJ., concur.

WILLIAMS, BLACKBIRD, and McINERNEY, JJ., dissent.

WILLIAMS, Justice (dissenting).

As authority for granting writ of prohibition herein, the majority opinion relies upon our decisions in City of McAlester v. Fogg, Okl., 312 P.2d 867 (1957); Cushing v. Coryell, Okl., 400 P.2d 174 (1965); and Chris Well Servicing Co. v. Coryell, Okl., 435 P.2d 610 (1967). The rule announced in these cases, as stated in City of McAlester, 312 P.2d p. 871, is:

" * * * venue of actions against multiple joint defendants, lies only in the county or counties meeting the requirements of all applicable specific venue statutes and that, when such requirements have been met, the action is 'rightly brought' so that under the authorization of 12 O.S.1951 § 154 summons shall be issued to any other county or counties for service upon those defendants as to whom venue would have otherwise been fixed, 12 O.S.1951 § 139."

It should be noted that all three cited authorities involved domestic corporations and the construction of 12 O.S.1961, § 134. As was stated in the majority opinion, § 134 has now been amended (12 O.S.1970 Supp. § 134) to make the announced rule inapplicable to domestic corporations.

In my dissenting opinion in City of McAlster, I attempted to grace the decisional and statutory history which persuaded me to dissent. In Chris Well Servicing, I expanded upon the history and gave further reasons why I would decline to hold that § 134 was a specific venue statute governing over the general venue statute, 12 O.S. 1961, § 139. Rather, I would have held that where a domestic corporate defendant is joined as a defendant in an action brought in a county other than that in which its principal office is located or in which the cause of action or some part thereof arose or where its officers reside or may be summoned, etc., and where the court has venue of some one of the other defendants, natural or corporate, then such domestic corporation is amenable to such suit and should be required to respond to summons issued out of such court.

The rule first announced in City of McAlster and followed in Cushing and Chris Well Servicing, which rule was in my opinion doubtful in its inception and which, as I believe, has now been expunged by statute, should not be extended to apply to foreign corporations. In my opinion, the specific venue provisions of § 135 and § 137, 12 O.S.1961, do not control over the general venue statute, 12 O.S.1961, § 139.

I respectfully dissent.

I am authorized to state that BLACKBIRD, J., agrees with the views expressed in the foregoing dissenting opinion.