TRANSIT CASUALTY COMPANY, a Corporation, et al., Petitioners,

v.

Judge Robert J. BELL, Respondent.

No. 45055.

Supreme Court of Oklahoma.

Nov. 2, 1971.

Alfred B. Knight, Richard D. Wagner, Tulsa, for petitioners.

Stipe, Gossett & Stipe, McAlester, James E. Driscoll, Seminole, for respondent.

JACKSON, Justice:

This original proceeding for writ of prohibition, brought by the defendants in an action filed in the District Court of Pittsburg County, challenges the jurisdiction of that court for lack of venue.

The action was for damages for the wrongful death of George P. Wooldridge in an auto-truck collision in Coal County, and venue in Pittsburg County was predicated solely upon the residence of one of the co-administrators of his estate in that county.

Defendants, allegedly jointly liable, were the owner of the truck, Jack Stewart, described in plaintiff's petition as a " 'Class B' carrier of freight for hire" operating under a "Certificate of Convenience and Necessity issued by the Corporation Commission of Oklahoma", who resided in McCurtain County; the driver of the truck, Orville Elbert Wright, also a resident of McCurtain County; and Transit Casualty Company, a foreign insurance corporation. Stewart and Wright were

served in McCurtain County with summons issued from Pittsburg County, pursuant to 12 O.S.1961, Sec. 154; the foreign insurance company was served by serving the State Insurance Commissioner under 36 O.S.1961, Sec. 621.

After timely and unsuccessful attacks upon the jurisdiction of the trial court because of lack of venue, defendants instituted this original proceeding.

In Missouri-Kansas-Texas Railroad Co. v. Coryell, Okl., 483 P.2d 1148, this court held:

"Venue of actions against multiple joint defendants lies only in the county or counties meeting the requirements of all applicable specific venue statutes, so that only when such requirements have been met is the action 'rightly brought', as that term is used in 12 O.S.1961, § 154."

To the same effect, City of Cushing v. Coryell, Okl., 400 P.2d 174; Chris Well Servicing Co. v. Coryell, Okl., 435 P.2d 610; and City of McAlester v. Fogg, Okl., 312 P.2d 867.

■ A private individual who engages in business as a Class B motor carrier comes within the meaning of "transportation or transmission company" as that phrase is used in 12 O.S.1961, Sec. 135. Clark v. Walworth, 176 Okl. 349, 56 P.2d 355; Parker v. Remy, 202 Okl. 400, 214 P. 2d 243. Therefore, Sec. 135 is the specific venue statute applicable to the defendant motor carrier in this case, Jack Stewart. Under that section, venue of actions against transportation companies is laid in the county of residence of any person upon whom service of summons is authorized, or in the county where the cause of action or some part thereof accrued.

Venue in an action against motor carrier Jack Stewart predicated solely upon the residence of a plaintiff, is not authorized.

Counsel for plaintiff co-administrator in the district court action, representing the respondent judge in this original proceeding, suggest in their brief that defendant

Stewart was not sued as a motor carrier or a transportation company, but as an individual. We are unable to agree. In his petition in the trial court, plaintiff pleaded at great length and with particularity, Stewart's status as a motor carrier, the issuance of Certificate No. MC 22495 by the Corporation Commission, the issuance of the "liability certificate of insurance" by the defendant insurer pursuant to the requirements of statutes governing motor carriers, the filing of the same with the Corporation Commission, and that "Upon filing by said insurance carrier, it became liable to the full extent of said policy for all damages negligently caused by defendant, Jack Stewart". Without allegations to this effect, there would have been no basis for suing the insurance carrier as a defendant jointly liable with the motor carrier.

■ It is urged that the rule quoted from Missouri-Kansas-Texas Railroad Co. v. Coryell, supra, is in conflict with Article 9, Section 43, Oklahoma Constitution, which provides that suit may be maintained against a foreign corporation in the county of residence of plaintiff. We find no such conflict. That section does not provide that suit may be maintained in such county against a foreign corporation and a domestic motor carrier and a truck driver, jointly liable.

Our attention is invited to Tibbett & Pleasant et al. v. Oklahoma State Bank of Frederick (1926), 119 Okl. 109, 249 P. 149, wherein the Oklahoma State Bank of Frederick sued Tibbett and Pleasant, a co-partnership composed of E. R. Tibbett and Carl Pleasant, and Tibbett & Pleasant, Inc., a foreign corporation. In that case we held that venue as to the foreign corporation was proper in Tillman County under the provisions of Sec. 205, C.S.1921 (12 O.S.1961, § 137) which authorizes venue where the plaintiff resides. We also held that venue as to the partnership was proper in Tillman County under Sec. 234 C.S. 1921 (12 O.S.1961, § 154), because the action was rightly brought against the for-

eign corporation in Tillman County. All defendants were served with summons in Tulsa County. It does not appear from our opinion in that case that it was contended either in the trial court or in this court that venue as to multiple joint defendants lies only in the county meeting the requirements of all applicable specific statutes. Since the question was not presented to or considered by this court, it is not decisive of the issue presented here. 20 A.Jur.2d Courts § 193, Satterlee v. Harris, 10 Cir., 60 F.2d 490.

Since under the quoted rule venue of an action against multiple joint defendants lies only in the county meeting the requirements of all applicable specific venue statutes, and since the requirements of Sec. 135, the specific venue statute applicable to the defendant motor carrier, are not met, venue of this action against multiple joint defendants does not lie in Pittsburg County, but in Coal County.

The Writ of Prohibition is therefore granted.

DAVISON, V. C. J. and WILLIAMS, BLACKBIRD, IRWIN, HODGES, and LAVENER, JJ., concur.