**Marvin A. STILL, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD CO.,**
**a corporation, Defendant.**

**No. 71–C–392 Civ.**

United States District Court,
N. D. Oklahoma,
Civil Division.

Dec. 8, 1971.

Frank R. Hickman, Tulsa, Okl., for plaintiff.

William K. Powers, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

After removing this case from the Tulsa County District Court, Defendant raised by Motion a claimed defect of venue in the State proceedings initiated by Plaintiff herein. The Defendant asserts that it is a transportation company within the meaning of 12 Okl.Stat.Ann. § 135 pertaining to venue and claims that none of the requirements of that Statute have been met in this case.[1]

Although Plaintiff opposes Defendant's Motion, he makes no showing that any of the prescribed statutory conditions of venue have been met under 12 Okl.Stat.Ann. § 135. However, he claims that venue is established under 12 Okl.Stat.Ann. § 137 in that Defendant is a foreign corporation and has personal property and furniture in Tulsa County, the County in which this action was brought, and is also doing business in said County presenting an affidavit in support of the factual portions of this claim.[2]

---

[1] 12 Okl.Stat.Ann. § 135 provides as follows:

"*Actions against transportaton or transmission companies.*

Actions may be commenced against any transportation or transmission company in the county where any person resides upon whom service of summons is authorized to be made, irrespective of the order in which such persons are named in this chapter, and irrespective of the residence of any superior officer or authorized person upon whom service of summons may be had; or in the county where the cause of action, or some part thereof may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

[2] 12 Okl.Stat.Ann. § 137 provides as follows:

"*Actions against foreign corporations and non-residents.*

■ The Court is required to decide the question of venue presented because if Plaintiff did not have proper venue at the State level, the State Court never had jurisdiction to be conferred upon this Court upon removal. Pittman v. Compton, 277 F.Supp. 772 (Okl.1968).

■ Both 12 Okl.Stat.Ann. § 135 and § 137 have been characterized as special venue statutes whose provisions prevail to the exclusion of general venue statutes. Missouri-Kansas-Texas Railroad Company v. Coryell, 483 P.2d 1148 (Okl.1971). In that case it was held that venue could not be established as to an action brought against a foreign transportation corporation under a general venue statute over its objection. Although the point involved here, whether one special venue statute has any particular precedence over another special venue statute, was not involved in that case, the Oklahoma Supreme Court in a syllabus by the Court stated:

"3. *In an action against* multiple joint defendants in which *a foreign transportation corporation* is a party *the following specific venue statutes are applicable, and where such party objects to being sued in a county other than one specified in such statutes, the trial court must dismiss said action* insofar as it concerns said party: 12 O.S.1961, § 135 and § 137 and 18 O.S.1961, § 471." 483 P.2d at page 1149. (Italics added.)

■ It appears that the precise question here, whether 12 Okl.Stat.Ann. § 135 has any precedence over 12 Okl.Stat.Ann. § 137, has not been directly decided by the Oklahoma Supreme Court, but that Court's expression that both Statutes (and also 18 Okl.Stat.Ann. § 471) may be used for the purpose of establishing venue against a foreign transportation corporation should not be

ignored by this Court. It is thus concluded that neither Statute has precedence over the other when a foreign transportation corporation is involved but that the same are cumulative. If any one of the venue requirements set out in either Statute (or 18 Okl.Stat. Ann. § 471) is present, then venue is deemed proper as to a foreign transportation corporation. Missouri-Kansas-Texas Railroad Company v. Coryell, *supra.*

■ 12 Okl.Stat.Ann. § 137 permits suit against a foreign corporation in any county in which it has property. Defendant is a foreign corporation and Plaintiff has presented the affidavit of his attorney stating that Defendant has personal property and furniture in Tulsa County. This Statute also permits suit against a foreign corporation in any county in which it may be found. The word "found" has been equated with "doing business" but has also been said to require more. See Vol. 17 Words & Phrases, Permanent Edition at 662 et seq. and 36 Am.Jur.2d, Foreign Corporations, Sections 507–510 at pages 520–525. Defendant is a foreign corporation and Plaintiff's said affidavit also states that Defendant is "doing business" in Tulsa County. It follows that venue may have been in Tulsa County as to the Defendant under this Statute and jurisdiction existed at the time of removal provided the contents of Plaintiff's affidavit are true as to either of the two claims regarding venue. In this connection the Court recognizes that Defendant has supplied and filed herein the affidavit of one of its attorneys to the effect that Defendant "has no assets" in Tulsa County and "does not * * * transact any business within said County (Tulsa)." The affidavits on file are in direct conflict. In this posture the Court

In addition to the other counties in which an action may be brought against a nonresident of this State, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to such defendant, or where such defendant may be

found; if such defendant be a foreign insurance company the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides or where such company has an agent."

elects to conduct an evidentiary hearing to ascertain if Defendant has any property or may be found in Tulsa County within the meaning and intent of 12 Okl.Stat.Ann. § 137. Such hearing is set on December 20, 1971 in Tulsa at 3:00 P.M.