**VIDEO INDEPENDENT THEATRES, INC.,**
a corporation, John Stanley, a minor,
Petitioners,

v.

**Charles WOODSON, Judge of the District
Court of Creek County, Oklahoma,
Bristow Division, Respondent.**

**No. 45658.**

Supreme Court of Oklahoma.

Dec. 26, 1972.

Best, Sharp, Thomas & Glass, Joseph A. Sharp and Joseph F. Glass, Tulsa, for petitioner Video Independent Theatres, Inc.

Palmer & Smith by Thomas L. Palmer, Tulsa, for petitioner Stanley.

Sellers & Sellers by Patricia Sellers, Sapulpa, for respondent.

JACKSON, Justice.

This petition for a writ of prohibition was filed to prohibit further proceedings in an action for personal injuries in the District Court of Creek County, Bristow Division. The parties will be referred to as they appear in the district court action. The plaintiff in the district court action is Daniel Foust, a resident of Okmulgee County. The joint defendants are Video Independent Theatres, Inc., a foreign corporation, and John Stanley, a resident of Okmulgee County. The injury to plaintiff occurred in Okmulgee County. The defendants have made application for this court to assume jurisdiction and issue a writ of prohibition prohibiting the Judge of the district court from proceeding further in the case. We assume original jurisdiction but deny the writs.

The facts as alleged in plaintiff's petition are not in dispute. On July 4, 1970, plaintiff was an employee of defendant Video at its drive-in theater which it operated in Okmulgee County and he had completed his duties for the evening except for checking the premises and pulling a chain across the entrance and locking it. Some theater patrons were still on the premises shooting fireworks with permission of defendant Video's assistant manager. The assistant manager and plaintiff joined the others in shooting fireworks and plaintiff was struck in the eye by a "pop bottle rocket" aimed at the plaintiff by defendant Stanley. Venue in Creek County was based on the allegation that defendant Vid-

eo, a foreign corporation, owned property in Creek County and could be sued there. 12 O.S. 1971, § 137. Summons was served on defendant Video in Oklahoma County. Summons was served on defendant Stanley in Okmulgee County in reliance upon the provisions of 12 O.S. 1971, § 154. Section 154 provides that where an action is rightly brought in one county, summons shall issue to other defendants in any other county at plaintiffs request. Separate objections by each defendant to the jurisdiction and venue of the district court were overruled.

■ Defendants' second proposition is that Creek County is not the county of proper venue in which to sue the defendants. They cite 12 O.S. 1971, § 187 in support of this proposition and make substantially the same arguments that were made in Gulf Oil Company v. Woodson, Okl., 505 P.2d 484, wherein we held this proposition untenable. In support of this proposition defendants also rely upon Missouri-Kansas-Texas Railroad Co. v. Coryell, Okl., 483 P.2d 1148. In the instant case venue as to defendant Video is proper under the provisions of the specific venue statute, 12 O.S. 1971, § 137, which permits an action to be brought against a foreign corporation "in any county in which there may be property of, or debts owing to such defendant, * * *." Since the action was rightly brought against Video in Creek County venue as to Stanley is proper in Creek County under the provisions of 12 O.S. 1971, § 154.

Defendants' first proposition is that the State Industrial Court had exclusive jurisdiction over the subject matter of this case and the district court is therefore making an excessive and unauthorized application of judicial force. This proposition is based on the fact that plaintiff had previously filed a workmen's compensation claim against defendant Video and the Industrial Court made findings and order on January 26, 1971, as follows:

"That Claimant's injury did not arise out of nor in the course of his employment with the above-named Respondent and his disability is not compensable under the Oklahoma Workmen's Compensation Act.

"It is therefore ordered, adjudged and decreed that claimant's claim for compensation is hereby denied."

That order has become final.

■ Defendants argue that 85 O.S. 1971, § 12 provides that plaintiff's exclusive remedy against defendant Video is under the Workmen's Compensation Law. We do not agree that Section 12 compels that conclusion in this case.

Section 12 of Title 85 O.S. 1961, provides as follows:

"The *liability prescribed in the last preceding section shall be exclusive* and in place of all other liability of the employer and any of his employees, at common law or otherwise, *for such injury*, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, * * *." (Emphasis supplied)

The words we have emphasized require us to look to Section 11 of Title 85 O.S. 1961, to determine the employer's liability, if any, under the Workmen's Compensation Law.

Section 11 provides:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee *arising out of and in the course of his employment*, * * *." (Emphasis supplied)

Thus, an employer's liability to an employee under Section 11 is only for an employee's injury "arising out of and in the course of his employment." Therefore Section 12 is *not* applicable in this case to make the Workmen's Compensation Law plaintiff's exclusive remedy, because the

employer (defendant Video) never had any liability under the provisions of Section 11 of the Workmen's Compensation Law because plaintiff's injury was not one "arising out of and in the course of his employment."

Defendants also rely on H. L. Hutton & Co. v. District Court of Kay County, Okl., 398 P.2d 530, as being "on all fours" and determinative of the issue in this case. In the third paragraph of the Syllabus, we held:

"Where a claimant filed a claim for compensation before the State Industrial Court and after notice and hearing the Court denied compensation upon the ground that claimant was not an employee of the respondents, and such finding and order has become final, it is binding upon the State Industrial Court in any subsequent proceedings for the same injury and it likewise is binding upon the District Court in a subsequent action by the employee for damages for the same injuries."

In the Hutton case, *supra*, all of plaintiff's allegations in the district court were based on his claim that he was an employee of the respondents, and we concluded that the district court was exercising excessive and unauthorized judicial power in relitigating the prior finding of the State Industrial Court that he was not an employee. The case is not in point in all respects because in the instant case there was no finding by the Industrial Court that plaintiff (Foust) was not an employee. The finding herein was in the negative on the issue of whether or not the injury arose out of and in the course of his employment. The Hutton case is, however, in point to the extent that the District Court in the instant case will not be allowed to relitigate that issue and the finding thereon.

■ Defendants also argue that plaintiff's District Court action· is predicated upon the failure of defendant Video to furnish him a safe place to work and safe conditions under which to work, that such

issue was within the purview of the Industrial Court to determine and that it has been determined adversely to plaintiff and therefore cannot be relitigated. This argument is not borne out by the Industrial Court order. The Industrial Court neither reached nor determined that issue nor would it do so since an employer's liability under the Workmen's Compensation Law, if any, is "without regard to fault as a cause of such injury." 85 O.S. 1971, § 11.

The writ of prohibition is denied.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER and SIMMS, JJ., concur.

BARNES, J., not participating.